JeJuan Shawntel Cooks v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-043-CR & 10-99-044-CR

     JEJUAN SHAWNTEL COOKS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court Nos. 96-10-16,053-CR & 96-10-16,054-CR
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Appellant was arrested for committing burglary of two different buildings on August 18,
1996. Appellant was charged with two indictments, one for each offense, and each case was
assigned a different cause number. In two plea hearings, appellant pled guilty and was
sentenced to two years in prison, probated for five years, for each offense. The State
subsequently moved to revoke appellant’s probation in each case, alleging seven violations of
the conditions of appellant’s probation. After a hearing, the trial court found the State’s
allegations to be true, revoked appellant’s probation, and ordered his two-year sentences to run
consecutively. 
      In a single point of error, Appellant claims the trial court erred in ordering the sentences
to run consecutively because the offenses arose out of the same criminal episode and were
prosecuted in a single criminal action. Tex. Pen. Code Ann. § 3.03 (Vernon 1999). 
Although the court reporter was unable to transcribe the record of the revocation hearing, the
parties have stipulated that both motions to revoke were heard simultaneously.
      When found guilty of more than one offense arising out of the same criminal episode and
prosecuted in the same criminal action, an accused is entitled to serve the sentences for each
offense concurrently. Tex. Pen. Code Ann. § 3.03 (Vernon 1999). Because appellant failed
to show he was prosecuted in a single criminal action, we do not reach the issue of whether
appellant’s offenses arose out of the same criminal episode.
      A “single criminal action” occurs “whenever allegations and evidence of more than one
offense arising out of the same criminal episode . . . are presented in a single trial or plea
proceeding, whether pursuant to one charging instrument or several, and the provisions of
Section 3.03 then apply.” LaPorte v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). 
In Duran v. State, the Court of Criminal Appeals discussed the term “criminal action” in the
context of a plea proceeding and a subsequent probation revocation hearing:
[T]he term “criminal action” includes not only appellant’s plea of guilty but
also the hearings on the State’s motion to revoke his probation. Therefore, to
be entitled to concurrent sentences under § 3.03 appellant must establish that
the offenses were consolidated at the time of his plea as well as the hearings
on the motions to revoke his probation. Although the record demonstrates
the State’s motions to revoke appellant’s probation were consolidated, the
record fails to establish the offenses were consolidated at the time of his
pleas.
Duran v. State, 844 S.W.2d 745, 748 (Tex. Crim. App. 1992) (Baird, J., concurring)
(emphasis added). 
      Absent a record of the appellant’s plea hearings, we cannot determine whether the pleas
were consolidated into a single hearing. Neither the trial court’s docket sheet nor any of the
various filings contained in the clerk’s record indicate that the pleas were joined. The
appellant has failed to show the offenses were consolidated at the time of his pleas as well as
the hearing on the State’s motions to revoke probation. He has therefore failed to establish his
entitlement to concurrent sentences under Section 3.03 of the Texas Penal Code. Appellant’s
sole point of error is overruled.
      The judgment of the trial court is affirmed.
 
                                                                               ROBERT M. CAMPBELL
                                                                               Justice (Sitting by Assignment)

Before Chief Justice Davis,
      Justice Vance and 
      Justice Campbell (Sitting by Assignment)
Affirmed
Opinion delivered and filed March 29, 2000
Do not publish