COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-065-CR
2-04-066-CR
2-04-067-CR
2-04-068-CR
 
  
JOHNNY 
CLABORN WALLACE                                                APPELLANT
   
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Johnny Claborn Wallace was charged in four separate indictments for 1) 
aggravated sexual assault of a child younger than fourteen years of age, 2) 
indecency with a child by contact, 3) possession of child pornography, and 4) 
sexual performance by a child. Appellant entered an open plea of guilty to count 
one in each indictment and the State waived all other paragraphs and counts 
contained in each of the indictments. Appellant was sentenced to 1) forty 
years’ imprisonment, 2) twenty years’ imprisonment, 3) ten years’ 
imprisonment, and 4) ten years’ imprisonment, respectively, for each offense. 
The trial court ordered that his sentence for possession of child pornography 
run consecutively to his other sentences. In one point, Appellant contends that 
the trial court erred by ordering that his sentence run consecutively. We will 
affirm.
        A 
complaint about consecutive sentences is reviewed under an abuse of discretion 
standard. Macri v. State, 12 S.W.3d 505, 511 (Tex. App.—San Antonio 
1999, pet. ref’d). The test for abuse of discretion is whether the trial 
court’s action falls within the zone of reasonable disagreement. Manning v. 
State, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).
        When 
a defendant has been convicted in two or more cases, the trial court has the 
discretion, in the second and subsequent cases, to order that the sentences 
imposed run consecutively or concurrently. Tex. Code Crim. Proc. Ann. art. 42.08 
(Vernon Supp. 2004-05); see LaPorte v. State, 840 S.W.2d 412, 415 (Tex. 
Crim. App. 1992). However, section 3.03 of the Texas Penal Code limits this 
discretion and mandates that “except as provided by Subsection (b)”[2]  sentences shall run concurrently when Appellant is 
found guilty of more than one offense arising out of the “same criminal 
episode” that is prosecuted in a “single criminal action.” Tex. Penal Code Ann. § 3.03(a) (Vernon 
2003); Baker v. State, 107 S.W.3d 671, 672-73 (Tex. App.—San Antonio 
2003, no pet.).  A “single criminal action” refers to a single trial or 
plea proceeding. Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App. 
1995); LaPorte, 840 S.W.2d at 415.  Furthermore, the code defines 
“criminal episode” as
   
[t]he commission of two or more offenses, regardless of whether the harm is 
directed toward or inflicted upon more than one person or item of property, 
under the following circumstances:
 
(1) the offenses are committed pursuant to the same transaction or pursuant to 
two or more transactions that are connected or constitute a common scheme or 
plan; or
(2) 
the offenses are the repeated commission of the same or similar offenses.
 
  
Tex. Penal Code Ann. § 3.01.
        Appellant 
argues that because all four offenses were part of the same criminal episode, 
and all four offenses were prosecuted during the same criminal action,[3] the trial court was required under section 3.03(a) to 
order that the sentences run concurrently.  See Tex. Penal Code Ann. § 3.03(a). The 
State contends that Appellant’s possession of child pornography does not 
involve the same criminal episode as his other offenses. However, Appellant 
argues that the images he made of his niece during the course of committing the 
sexual performance of a child offense would have qualified as child pornography. 
The State asserts that the particular image of child pornography, which is the 
subject of the child pornography charge, is not related to Appellant’s sexual 
misconduct toward his niece, but was simply one of hundreds of images found on 
Appellant’s “My Rape” computer file when the police were searching his 
home regarding the other offenses.
        In 
order for Appellant to be entitled to concurrent sentences, he must establish 
that the offenses arose out of the same criminal episode and that he was 
prosecuted in a single criminal action. Duran v. State, 844 S.W.2d 745, 
747 (Tex. Crim. App. 1992) (Baird, J., concurring); Rogers v. State, Nos. 
12-03-00200-CR, 12-03-00201-CR, 2004 WL 187270, at *2 (Tex. App.—Tyler Jan. 
30, 2004, no pet.) (not designated for publication). If he fails to prove 
either, then the sentences were properly cumulated. Duran, 844 S.W.2d at 
747; Rogers, 2004 WL 187270, at *2.
        Here, 
Appellant has not shown in his brief, nor does the record support, that the 
child pornography charge and his other offenses were “pursuant to the same 
transaction or pursuant to two or more transactions that are connected or 
constitute a common scheme or plan.” See Tex. Penal Code Ann. § 3.01. Therefore, 
the trial court did not abuse its discretion in ruling that Appellant’s 
possession of child pornography sentence should run consecutively to his other 
sentences. We overrule Appellant’s sole point and affirm the trial court’s 
judgments.
    
    
                                                                  PER 
CURIAM
   
   
PANEL 
B: HOLMAN, GARDNER, and McCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 19, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Possession of child pornography is not one of the enumerated offenses in the 
statutory exception to the general requirement that sentences be ordered to run 
concurrently.  See Tex. Penal 
Code Ann. § 3.03(b) (Vernon 2003).
3.  
We note that the record shows that all four cause numbers were called separately 
for the plea proceeding. Although a court reporter was present for part of the 
hearing, Appellant and the State agreed to excuse the court reporter prior to 
administration of plea admonishments and entry of Appellant’s pleas of 
guilty.  Accordingly, there is no actual record of the plea 
proceeding.  The record clearly shows that Appellant’s pleas were treated 
separately and the court’s findings of guilt were made separately.  
However, neither party complains on appeal that the four offenses were not 
prosecuted in a single criminal action, and we do not presume otherwise.