JOHNNY CLABORN WALLACE v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-04-065-CR

        2-04-066-CR

        2-04-067-CR

        2-04-068-CR

JOHNNY CLABORN WALLACE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Johnny Claborn Wallace was charged in four separate indictments for 1) aggravated sexual assault of a child younger than fourteen years of age, 2) indecency with a child by contact, 3) possession of child pornography, and 4) sexual performance by a child.  Appellant entered an open plea of guilty to count one in each indictment and the State waived all other paragraphs and counts contained in each of the indictments.  Appellant was sentenced to 1) forty years’ imprisonment, 2) twenty years’ imprisonment, 3) ten years’ imprisonment, and 4) ten years’ imprisonment, respectively, for each offense.  The trial court ordered that his sentence for possession of child pornography run consecutively to his other sentences.  In one point, Appellant contends that the trial court erred by ordering that his sentence run consecutively.  We will affirm.

A complaint about consecutive sentences is reviewed under an abuse of discretion standard.  
Macri v. State
, 12 S.W.3d 505, 511 (Tex. App.—San Antonio 1999, pet. ref’d).  The test for abuse of discretion is whether the trial court’s action falls within the zone of reasonable disagreement.  
Manning v. State
, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003). 

When a defendant has been convicted in two or more cases, the trial court has the discretion, in the second and subsequent cases, to order that the sentences imposed run consecutively or concurrently.  
Tex. Code Crim. Proc. Ann. 
art. 42.08 (Vernon Supp. 2004-05); 
see LaPorte v. State
, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992).  However, section 3.03 of the Texas Penal Code limits this discretion and mandates that “except as provided by Subsection (b)”
(footnote: 2) sentences shall run concurrently when Appellant is found guilty of more than one offense arising out of the “same criminal episode” that is prosecuted in a “single criminal action.”  
Tex. Penal Code Ann
. § 3.03(a) (Vernon 2003); 
Baker v. State
, 107 S.W.3d 671, 672-73 (Tex. App.—San Antonio 2003, no pet.).  A “single criminal action” refers to a single trial or plea proceeding.  
Ex parte Pharr
, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995); 
LaPorte
, 840 S.W.2d at 415.  Furthermore, the code defines “criminal episode” as

[t]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code Ann
. § 3.01.  

Appellant argues that because all four offenses were part of the same criminal episode, and all four offenses were prosecuted during the same criminal action,
(footnote: 3) the trial court was required under section 3.03(a) to order that the sentences run concurrently.  
See
 
Tex. Penal Code Ann
. § 3.03(a).  The State contends that Appellant’s possession of child pornography does not involve the same criminal episode as his other offenses.  However, Appellant argues that the images he made of his niece during the course of committing the sexual performance of a child offense would have qualified as child pornography.  The State asserts that the particular image of child pornography, which is the subject of the child pornography charge, is not related to Appellant’s sexual misconduct toward his niece, but was simply one of hundreds of images found on Appellant’s “My Rape” computer file when the police were searching his home regarding the other offenses.

In order for Appellant to be entitled to concurrent sentences, he must establish that the offenses arose out of the same criminal episode and that he was prosecuted in a single criminal action
.  Duran v. State
, 844 S.W.2d 745,  747 (Tex. Crim. App. 1992) (Baird, J., concurring); 
Rogers v. State
, Nos. 12-03-00200-CR, 12-03-00201-CR, 2004 WL 187270, at *2 (Tex. App.—Tyler Jan. 30, 2004, no pet.) (not designated for publication).  If he fails to prove either, then the sentences were properly cumulated.  
Duran
, 844 S.W.2d at 747; 
Rogers
, 2004 WL 187270, at *2.

Here, Appellant has not shown in his brief, nor does the record support, that the child pornography charge and his other offenses were “pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan.”  
See
 
Tex. Penal Code Ann
. § 3.01.  Therefore, the trial court did not abuse its discretion in ruling that Appellant’s possession of child pornography sentence should run consecutively to his other sentences.  We overrule Appellant’s sole point and affirm the trial court’s judgments. 

PER CURIAM

PANEL B:  HOLMAN, GARDNER, and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  May 19, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4. 

2:
Possession of child pornography is not one of the enumerated offenses  in the statutory exception to the general requirement that sentences be ordered to run concurrently.  
See 
Tex. Penal Code Ann
. § 3.03(b) (Vernon 2003).

3:
We note that the record  shows that all four cause numbers were called separately for the plea proceeding.  Although a court reporter was present for part of the hearing, Appellant and the State agreed to excuse the court reporter prior to administration of plea admonishments and entry of Appellant’s pleas of guilty.  Accordingly, there is no actual record of the plea proceeding.  The record clearly shows that Appellant’s pleas were treated separately and the court’s findings of guilt were made separately. However, neither party complains on appeal that the four offenses were not prosecuted in a single  criminal action, and we do not presume otherwise.