Rudy **DURAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 1414–91, 1415–91.

Court of Criminal Appeals of Texas, En Banc.

Dec. 16, 1992.

Publication Ordered Jan. 5, 1993.

Allen C. Isbell, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kimberly Aperauch Stelter, Elsa Alcala, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PE-TITIONS FOR DISCRETION-ARY REVIEW

PER CURIAM.

Appellant pled guilty to possession of cocaine in cause number 531,501 and possession of marihuana in cause number 531,-502 in the 263rd District Court in Harris County and was subsequently placed on probation. After finding appellant violated his probation by committing assault, the trial court revoked appellant's probation and ordered his two eight-year sentences to run consecutively. The Court of Appeals affirmed the judgments in an unpublished opinion. *Duran v. State*, (Tex.App. Nos. 01–90–00766–CR and 01–90–00767–CR—

Houston [1st Dist.], del. Nov. 14, 1991), 1991 WL 235351. We granted appellant's petitions for discretionary review to determine whether the Court of Appeals was correct in holding: (1) the State's failure to file a notice of consolidation as required by V.T.C.A., Penal Code, Section 3.02(b), precludes application of V.T.C.A., Penal Code, Section 3.03; (2) the trial court has the authority to cumulate sentences for two offenses arising out of the same criminal episode which are prosecuted in a single trial; and (3) whether appellant waived his complaint because he failed to complain at trial. We shall affirm the judgments of the Court of Appeals.[1]

Appellant contends that the Court of Appeals improperly stacked the sentences because they were the result of a single trial and thus the sentences should have been concurrent. In *LaPorte v. State*, 840 S.W.2d 412 (Tex.Cr.App.1992), we held:

"If the facts show the proceeding is a single criminal action based on charges arising out of the same criminal episode, the trial court may not order consecutive sentences."

*LaPorte v. State*, supra. Because the facts in the instant case do not show the proceeding to be a single criminal action, *LaPorte* is not controlling.

In *LaPorte*, sentences were ordered to run consecutively where there was a single trial based upon separate indictments. In the instant case, there is no evidence in the record that a single criminal action occurred.

The judgments of the Court of Appeals are affirmed.

CLINTON, J., dissents.

BAIRD, Judge, concurring.

Appellant was charged, in separate indictments, with two separate offenses. Appellant was sentenced to eight years confinement; however, the trial judge suspended imposition of the sentences and placed appellant on probation. The State later filed motions to revoke the proba-

---

1. Although appellant failed to preserve error by not objecting, the Court of Appeals addressed the merits of appellant's claim in the interest of justice.

tions. The trial judge granted the State's motions and sentenced appellant to confinement for eight years on each offense. The trial judge further ordered appellant's sentence for the second offense to run consecutive to his sentence for the first offense. The Court of Appeals affirmed. *Duran v. State,* Nos. 01–90–00766–CR & 01–90–00767–CR, 1991 WL 235351 (Tex.App.—Houston [1st Dist.], delivered November 14, 1991) (Not published).

In his grounds for review, appellant contends the trial judge was without authority to cumulate sentences in two offenses arising from the same criminal episode and prosecuted in a single criminal action. Tex.Penal Code Ann. § 3.03. The majority overrules appellant's ground for review, holding appellant was not entitled to concurrent sentences because he failed to demonstrate the offenses were prosecuted in a single "criminal action." I write separately because the majority fails to define the term "criminal action."

## I.

Resolution of appellant's ground for review requires consideration of Tex.Penal Code Ann. § 3.03, which provides:

When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.

In *LaPorte v. State,* 840 S.W.2d 412 (Tex.Cr.App.1992), we held: "If the facts show the proceeding is a single criminal action based on charges arising out of the same criminal episode, the trial court may not order consecutive sentences." *Id.* at 415. Therefore, in order for appellant to be entitled to concurrent sentences he must establish that the offenses arose out of the "same criminal episode" *and* that he was prosecuted in a single "criminal action." If

he fails to prove either, the sentences were properly cumulated.

## II.

Our focus in the instant case should be to define "criminal action." [1] Although "criminal episode" is defined in the penal code, *see,* Tex.Penal Code Ann. § 3.01, "criminal action" is not defined. Black's Law Dictionary defines "criminal action" as:

Proceeding by which person charged with a crime is *brought to trial and either found not guilty or guilty and sentenced.* An action, suit, or cause instituted to punish an infraction of criminal laws.

*Black's Law Dictionary* 196 (5th ed. 1983) (emphasis added).

With the foregoing definition in mind, we turn to the instant case to determine if appellant was prosecuted in a single "criminal action." The record reflects: 1) appellant plead guilty, in both cases, pursuant to Tex.Code Crim.Proc.Ann. art. 27.13; 2) the State introduced evidence establishing appellant's guilt pursuant to Tex.Code Crim. Proc.Ann. art. 1.15; 3) the trial judge found appellant guilty and assessed punishment at confinement for eight years; *and* 4) suspended imposition of the sentence and placed appellant on probation. Thus, while appellant had been "brought to trial" and "found guilty," he had not been sentenced because imposition of the sentence was suspended pursuant to Tex.Code Crim. Proc.Ann. art. 42.12(3).

In *McCullar v. State,* 676 S.W.2d 587 (Tex.Cr.App.1984), we stated:

... Sentence is not imposed until probation is revoked in which case "the court may proceed to dispose of the case as if there had been no probation."

*McCullar,* 676 S.W.2d at 588 (citing Tex. Code Crim.Proc.Ann. art. 42.12, § 3 [now art. 42.12, § 26(a) ]).[2]

**1.** The State contends appellant failed to demonstrate the convictions arose from the same criminal episode or that they were tried in a single criminal action. Because appellant has not shown that he was prosecuted in a single criminal action, we need not address whether the offenses arose from the same criminal episode.

**2.** In *McCullar* the trial judge stated the following when he placed the defendant on probation:

### III.

Utilizing the foregoing definition, the term "criminal action" includes not only appellant's pleas of guilty but also the hearings on the State's motions to revoke his probation. Therefore, to be entitled to concurrent sentences under § 3.03 appellant must establish that the offenses were consolidated at the time of his pleas as well as the hearings on the motions to revoke his probation.[3] Although the record demonstrates the State's motions to revoke appellant's probation were consolidated, the record fails to establish the offenses were consolidated at the time of his pleas.[4] Therefore, appellant has failed to establish the offenses were prosecuted in a single "criminal action." Accordingly, appellant is not entitled to the relief embodied in § 3.03.

With these comments, I join the majority opinion.

---

Upon your pleas of guilty, I will find you guilty and assess your punishment at ten years in the penitentiary in each case *to run concurrently.* I will place you on probation for ten years.

*McCullar,* 676 S.W.2d at 588 (citations omitted) (emphasis in original). Upon revocation of the defendant's probation, the trial judge ordered the sentences to run consecutively. We stated:

... In the instant case, the trial court at most indicated when assessing punishment and granting probation that if the sentences were later to be imposed they would be concurrent. The trial court's statement that the "punishments" run concurrently, made *after* appellant pled guilty, was superfluous since the imposition of sentence is suspended when probation is granted.

*Id.,* 676 S.W.2d at 588 (citations omitted) (emphasis in original).

**3.** In *LaPorte* we held that an improper cumulation order "is ... a void sentence, and such

error cannot be waived." However, the record must demonstrate requisite facts entitling the defendant to relief. Absent such a record we have nothing upon which to rule. *See LaPorte,* 840 S.W.2d at 415; *Ex parte Preston,* 833 S.W.2d 515, 518 (Tex.Cr.App.1992) (Opinion denying State's Motion for Rehearing) (assertions in the brief which are not supported by the appellate record will not be considered); *and Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Cr.App.1981) (appellant was not entitled to dismissal under Speedy Trial act because he failed to include his demand for a "speedy trial" in the appellate record).

**4.** The record demonstrates appellant executed a "Waiver of Court Reporter" in each case. Therefore, we have no knowledge as to what occurred at the trial. Further, neither the waivers executed by the defendant nor the trial judge's docket sheet indicates that the causes were joined for purposes of the guilty pleas.