# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-00-00788-CR
### NO. 03-00-00789-CR

**Steven Lee Dach, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NOS. 47,024 & 50,248, HONORABLE JOE CARROLL, JUDGE PRESIDING

Appellant Steven Lee Dach pleaded guilty to felony theft in Bell County cause number 47,024. *See* Tex. Pen. Code Ann. § 31.03(a), (e)(4)(D) (West Supp. 2001). The district court adjudged appellant guilty and assessed punishment at incarceration in a state jail for two years, but suspended imposition of sentence and placed him on community supervision. While on probation, appellant was indicted in Bell County cause number 50,248 for stealing property having a value greater than $1500 but less than $20,000. *See id.* § 31.03(a), (e)(4)(A). At a joint proceeding, appellant pleaded guilty to the new indictment and true to the allegations in the motion to revoke filed by the State in the earlier cause. The court revoked supervision in cause number 47,024 and imposed sentence. The court adjudged appellant guilty in cause number 50,248 and assessed punishment at incarceration in a state jail for two years. The court ordered that the sentence in cause number

50,248 "shall begin to run when [the] two year sentence in cause number 47,024 has ceased to operate." *See* Tex. Code Crim. Proc. Ann. art. 42.08(a) (West Supp. 2001).

The sole issue in each appeal is the propriety of the cumulation order. Appellant contends these causes are governed by penal code section 3.03(a), which provides (with exceptions not applicable here) that the sentences shall run concurrently when "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action." Tex. Pen. Code Ann. § 3.03(a) (West Supp. 2001).

A defendant is "prosecuted in a single criminal action" whenever allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding. *LaPorte v. State*, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992). If a defendant is tried, convicted, and placed on community supervision in separate proceedings, section 3.03(a) does not apply even if the causes are later consolidated for the purpose of revoking supervision. *Duran v. State*, 844 S.W.2d 745, 746 (Tex. Crim. App. 1992); *Medina v. State*, 7 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 1999, no pet.). "[T]o be entitled to concurrent sentences under § 3.03 [a defendant] must establish that the offenses were consolidated at the time of his pleas as well as the hearings on the motions to revoke his probation." *Duran*, 844 S.W.2d at 748 (Baird, J., concurring).

Appellant was convicted and placed on community supervision in cause number 47,024 in May 1997. The indictment in cause number 50,248 was filed in October 1999. Although the guilty plea proceeding in the second cause was consolidated with the hearing on the State's

motion to revoke supervision in the first, the two causes were not "prosecuted in a single criminal action" because the guilty plea proceedings in the two causes were not consolidated.

Appellant refers us to the opinion in *Vallez v. State*, 21 S.W.3d 778, 783 (Tex. App.— San Antonio 2000, pet. ref'd). Although a question in that case was whether three prosecutions had been consolidated, the appeal did not involve the application of section 3.03(a). *Vallez* is also factually distinguishable. In that case, the defendant pleaded guilty to three indictments at a single proceeding, and later had his probation revoked in each cause at a single proceeding.

The point of error is overruled. The order revoking community supervision is affirmed in cause number 03-00-00788-CR. The judgment of conviction is affirmed in cause number 03-00-00789-CR.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:  May 31, 2001

Publish

3