NUMBERS
13-01-274-CR AND 13-01-275-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

ROMAN PONCE,                                                                   Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 105th District Court

                                  of Nueces County, Texas.

__________________________________________________________________

 

                          MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, Roman Ponce, brings these appeals following the
revocation of two deferred adjudication probations.  In cause number 13-01-274-CR, Ponce=s appellate
counsel contends the appeal is wholly frivolous and without merit.  In cause number 13-01-275-CR, Ponce contends
the trial court erred by ordering the sentences for trial court cause numbers
93-CR-333-D and 93-CR-339-D to run consecutively.  We dismiss cause number 13-01-274-CR for want
of jurisdiction and affirm the trial court=s judgment in
cause number 13-01-275-CR.

As this is a memorandum opinion not designated for publication,
and the parties are familiar with the facts, we will not recite them here.  See Tex.
R. App. P. 47.1.

A.  Cause
Number 13-01-274-CR

Ponce=s counsel has filed a brief in which he concluded this appeal is
wholly frivolous and without merit.  The
brief meets the requirements of Anders v. California, 386 U.S. 738 (1967),
as it presents a professional evaluation of why there are no arguable grounds
for advancing an appeal.  See Stafford
v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991); High v. State,
573 S.W.2d 807, 812 (Tex. Crim. App. 1978). 
Counsel certifies in his brief that he served appellant with a copy of
the brief and informed appellant of his right to examine the appellate record
and to file a pro se brief.  No
such brief has been filed.

Upon receiving an Anders
brief, an appellate court must conduct Aa full examination of all proceedings to decide whether the case
is wholly frivolous.@  Penson v. Ohio, 488
U.S. 75, 80 (1988).  We have carefully
reviewed the record in this appeal and, finding nothing that would arguably
support an appeal in this cause, agree that this appeal is wholly frivolous and
without merit.  See Stafford, 813 S.W.2d at 511.








Furthermore, because
the trial court sentenced appellant in accordance with a plea bargain
agreement, appellant was required to comply with the additional notice
requirements of rule 25.2(b)(3).  See Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002).  Rule 25.2(b)(3) requires a
defendant, appealing from a plea bargained conviction, to file a notice of
appeal stating the appeal is for a jurisdictional defect, from a ruling on a
pre-trial motion, or show that the trial court granted appellant permission to
appeal.  Tex. R. App. P. 25.2(b)(3); White
v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant=s notice of appeal did not allege any of the additional notice
requirements of rule 25.2(b)(3).








In addition, article
42.12, section 5(b) of the code of criminal procedure provides that in a case
involving deferred adjudication, no appeal may be taken from the trial court=s decision to proceed to an adjudication of guilt.  Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2002); Connolly v. State, 983 S.W.2d
738, 741 (Tex. Crim. App. 1999).  If
appellant=s notice of appeal does not comport with rule 25.2(b)(3), this
Court only has jurisdiction to consider issues relating to: (1) the process by
which appellant was sentenced, e.g., an issue unrelated to his conviction; or
(2) whether the original judgment deferring appellant=s adjudication is void.  See
Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001); Vidaurri v.
State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); see also White
v. State, 61 S.W.3d at 428.  However,
these issues have not been raised by appellant, nor do any such errors appear
in the record.  We conclude we are
without jurisdiction as to cause number 13-01-274-CR.  See White, 61 S.W.3d
at 428.

B.  Cause
Number 13-01-275-CR

 Ponce contends the trial court erred by
ordering the sentences for cause numbers 93-CR-333-D and 93-CR-339-D to run
consecutively.

By his first point of
error, Ponce contends that he did not need permission to appeal under rule of
appellate procedure 25.2(b)(3).  See Tex.
R. App. P. 25.2(b)(3).  We agree.  In
accordance with Vidaurri, we conclude the limitations of rule 25.2(b)(3) do not apply to this claim because the issue raised
relates to his sentence, rather than to his conviction.  See Vidaurri, 49 S.W.3d at 884-85; see
also Woods, 68 S.W.3d at 669.  Thus,
Ponce=s first point of error is sustained.

By his second point of
error, Ponce contends that because he was adjudged guilty of two offenses of
indecency with a child committed prior to September 1, 1997, the trial court
erred by cumulating the sentences.








Section 3.03 of the
penal code provides that if an accused is found guilty of more than one offense
arising out of the same criminal episode, the sentences may run consecutively
if each sentence is for a conviction of indecency with a child, among certain
other enumerated offenses.  Tex. Pen. Code Ann. ' 3.03(b)(1) (Vernon Supp. 2002).  However, this particular section became
effective September 1, 1997, and only applies to offenses which were committed Aon or after@ this date.  See Act
of June 13, 1997, 75th Leg., R.S., ch. 667, '' 2,
7, 1997 Tex. Gen. Laws 2250, 2251-52. 
Prior to the effective date of the amendment, section 3.03 provided that
if an accused is found guilty of more than one offense arising out of the same
criminal episode, the sentences for each offense shall run concurrently.  See Act of June 14, 1995, 74th Leg.,
R.S., ch. 596, ' 1, 1995 Tex. Gen. Laws 3435 (amended 1997).   A defendant is A>prosecuted in a single criminal action= whenever allegations and evidence of more than one offense
arising out of the same criminal episode are presented in a single trial or
plea proceeding.@  Dach v. State, 49
S.W.3d 490, 491 (Tex. App.BAustin 2001, no pet.) (quoting LaPorte
v. State, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992)).  ATo be entitled to concurrent sentences under section 3.03 [a
defendant] must establish that the offenses were consolidated at the time of
his pleas as well as the hearings on the motions to revoke his probation.@  Duran v. State, 844
S.W.2d 745, 748 (Tex. Crim. App. 1992) (Baird, J. concurring); Dach, 49
S.W.3d at 491.








In this instance, the
reporter=s record from the revocation proceeding demonstrates that the
causes were consolidated for purposes of revocation.  However, there is no reporter=s record from the original proceedings.  AIf the record demonstrated that the trial court fully completed
one plea proceeding, including the imposition of sentence, before starting
another, then the plea proceedings would be considered not consolidated.@  Vallez v. State, 21
S.W.3d 778, 783 (Tex. App.BSan Antonio 2000, pet. ref=d).  Although the clerk=s record demonstrates that the causes were heard and sentence
imposed on the same day, this does not mean that the causes were consolidated
or heard together that day, especially when the original judgments do not refer
to each other and each cause has separate paperwork.  Absent a reporter=s record from the original plea proceeding, we cannot determine
whether those proceedings were consolidated for purposes of section 3.03.  See id. at
784; see also Duran, 844 S.W.2d at 748 n.3 (Baird, J.
concurring).  Ponce=s second point of error is overruled.

C.  Conclusion

Accordingly, we
dismiss the appeal for cause number 13-01-274-CR for want of jurisdiction and
affirm the judgment of the trial court in cause number 13-01-275-CR.

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

the 30th day of August, 2002.