# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00713-CR
NO. 03-03-00714-CR

**Willis Martin, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NOS. 53090 & 53091, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

# O P I N I O N

In each of these causes, appellant Willis Martin was placed on deferred adjudication community supervision after pleading guilty to theft, later adjudicated guilty, and sentenced to two years in state jail. *See* Tex. Pen. Code Ann. § 31.03(a), (e)(4)(A) (West Supp. 2004). The court ordered that the sentences be served consecutively. The sole issue on appeal is whether the court was authorized to cumulate the sentences. We hold that it was not.

It is undisputed that the two indictments, which were filed the same day, alleged offenses that were committed in the same criminal episode as that term is defined in penal code chapter three. *See id.* § 3.01 (West 2003). On May 30, 2002, the two causes were jointly called for trial, the indictments were read, appellant's pleas of guilty were received and accepted, and appellant's judicial confessions were admitted in evidence. The court then ordered a presentence investigation report. On June 26, 2002, the two causes were again called for trial. After a discussion

of the report, the court found the evidence in each cause sufficient to convict, deferred findings of guilt, and placed appellant on community supervision in accord with a plea bargain agreement.[1]

On June 10, 2003, the State filed its first amended motion to adjudicate in each cause. On September 2, 2003, the court held a hearing on the motion to adjudicate in cause number 53090. The court found the allegations in the motion to be true and recessed the cause for sentencing at a later date. On November 6, 2003, the court reopened the adjudication hearing in cause number 53090 and heard additional evidence. The court then adjudicated appellant guilty and imposed sentence. The following day, November 7, the court heard the motion to adjudicate in cause number 53091. The court reconsidered the evidence and arguments heard the previous day in cause number 53090, adjudicated appellant guilty, and imposed sentence. Over appellant's objection, the court ordered the sentence in cause number 53091 to begin after the sentence in cause number 53090 ends.

With exceptions not applicable here, when a defendant is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, the sentences for each offense must run concurrently. *Id*. § 3.03(a) (West 2003). The term "single criminal action" is not defined in the penal code. The court of criminal appeals has held that "a defendant is prosecuted in 'a single criminal action' whenever allegations and evidence of more than one offense arising out of the same criminal episode . . . are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several, and the provisions of Section 3.03 then apply." *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992).

---

[1]    In pro se pleadings filed in this Court, appellant complains that the indictments were defective and that information contained in the presentence report was inaccurate. We have considered these matters in the interest of justice and find no reversible error. All pending pro se motions are dismissed.

In the causes before us, allegations and evidence of more than one offense arising out of the same criminal episode were presented in a single plea proceeding. The State nevertheless argues that these causes were not tried in a single criminal action because the motions to adjudicate were heard and the sentences were imposed in separate proceedings. The State argues that a defendant is entitled to the benefit of section 3.03(a) only if all proceedings involving multiple offenses arising out of the same criminal episode are conducted jointly.

The State relies on the concurring opinion in *Duran v. State*, 844 S.W.2d 745 (Tex. Crim. App. 1992). In *Duran*, the defendant's probations in two related drug cases were revoked at a joint revocation hearing and the sentences were ordered to run consecutively. *Id*. at 746. The defendant urged on appeal that the sentences were improperly cumulated because they were the result of a single trial. *Id*. The majority of the court rejected this argument because the record did not reflect whether the original plea proceedings had been consolidated. *Id*. Judge Baird concurred, expressing the view that a defendant is not entitled to concurrent sentences under section 3.03 unless both the plea proceedings and the hearings on the motions to revoke probation are held jointly. *Id*. at 748 (Baird, J., concurring).

Judge Baird's view that section 3.03 does not apply unless all proceedings are consolidated was clearly rejected in *Robbins v. State*, 914 S.W.2d 582 (Tex. Crim. App. 1996). In that case, the defendant pleaded guilty separately to two indictments arising out of the same criminal episode, but the trial court held one consolidated punishment hearing. *Id*. at 583. The court held that the plea proceedings were not completed until punishment was assessed; because the offenses had been consolidated for the punishment hearing, section 3.03 applied and the sentences could not be cumulated. *Id*. at 584. Judge Baird noted his dissent, citing his concurring opinion in *Duran*. *Id*.

3

The State also relies on this Court's opinion in *Dach v. State*, 49 S.W.3d 490 (Tex. App.—Austin 2001, no pet). In *Dach*, the defendant was convicted and placed on regular community supervision after pleading guilty to theft. *Id*. at 491. While on probation, the defendant committed and was indicted for a second theft. *Id*. At a joint proceeding, he pleaded guilty to the new offense and true to the allegations in a motion to revoke probation in the first offense. *Id*. The trial court convicted him and imposed sentence for the second offense, revoked his probation and imposed sentence for the first offense, and ordered the sentences to be served consecutively. *Id*. Citing *LaPorte*'s definition of "single criminal action," this Court held that the two causes had not been prosecuted in a single criminal action because the guilty plea proceedings were not consolidated. *Id*. *Dach* is distinguishable from the causes now before us. In the instant causes, appellant pleaded guilty to both offenses in a single, consolidated proceeding.

We believe that the present case is analogous to *Polanco v. State*, 914 S.W.2d 269 (Tex. App.—Beaumont 1996, pet. ref'd). The defendant in that case was separately indicted for retaliation and assault committed in the same criminal episode. *Id*. at 271. At a consolidated proceeding, he entered guilty pleas to both indictments, the pleas were accepted, and a presentence investigation was ordered. *Id*. at 271-72. At a later date, the retaliation case was called and sentence was imposed; immediately thereafter, the assault case was called and sentence was imposed, to be served after the retaliation sentence. *Id*. at 272. Although the court of appeals agreed with the State that the defendant had been sentenced during separate punishment hearings, it concluded that the trial court was not authorized to cumulate the sentences because the defendant's guilty pleas had been jointly entered and accepted. *Id*. at 272.

4

It is instructive to read the opinions in *Robbins* and *Polanco* together with the opinion in *Ex parte Pharr*, 897 S.W.2d 795 (Tex. Crim. App. 1995). In *Pharr*, the defendant committed two offenses in the same criminal episode; he pleaded guilty, was found guilty, and was sentenced for one of the offenses immediately before he pleaded guilty, was found guilty, and was sentenced for the second offense. *Id*. at 796. The court concluded that he was not tried in a single criminal action and the sentences could be cumulated. *Id*. Our reading of these opinions leads us to conclude that when two or more offenses are committed in the same criminal episode, the sentences for each offense must run concurrently unless the entry and acceptance of the defendant's plea, the finding of guilt, and the pronouncement of sentence for each offense is made in a separate proceeding.

The State argues that it is a "waste of judicial resources to require each indictment or each information to be pled and heard separately when imposing community supervision on a defendant who has committed multiple offenses against multiple victims." In fact, it is the State's proposed interpretation of chapter three that would burden the courts with additional trials. Chapter three already grants the defendant an absolute right to a severance of consolidated offenses in most cases. *See* Tex. Pen. Code Ann. § 3.04 (West 2003); *Overton v. State*, 552 S.W.2d 849, 850 (Tex. Crim. App. 1977); *Waythe v. State*, 533 S.W.2d 802, 804 (Tex. Crim. App. 1976). A defendant would have less reason to forgo that right if, when offered community supervision in exchange for guilty pleas to multiple offenses at a consolidated trial, he had no assurance that the sentences would run concurrently should probation later be revoked.

As the court of criminal appeals observed in *LaPorte*, chapter three of the penal code represents a balancing of interests: prosecutors are permitted to clear case dockets by trying more than one case in a single trial whenever a defendant commits multiple offenses in a single criminal

5

episode; defendants benefit from consolidation by not being burdened with the possibility of consecutive sentences after a string of separate trials. *LaPorte*, 840 S.W.2d at 414. It would upset this balance if the State could obtain the benefit of chapter three by consolidating multiple offenses for the purpose of receiving the defendant's guilty pleas, but then deny the defendant the benefit of concurrent sentences by simply maneuvering to have subsequent proceedings conducted separately.

Appellant's pleas of guilty were entered, the evidence of guilt was received, and appellant was placed on deferred adjudication community supervision in one consolidated proceeding. Under the express holding in *LaPorte*, the two offenses were prosecuted in a single criminal action and section 3.03 applied. We hold that the State and the trial court could not deny appellant his statutory entitlement to concurrent sentencing by conducting the subsequent adjudication hearings separately.

The judgments of conviction are modified to delete the cumulation orders. *See Robbins*, 914 S.W.2d at 584; *LaPorte*, 840 S.W.2d at 415. As modified, the judgments are affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Modified and, as Modified, Affirmed

Filed: August 12, 2004

Publish

6