

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TERNORRIS DUNCAN, | § | No. 08-12-00362-CR |
| Appellant, | § | Appeal from the |
| v. | § | 283rd Judicial District Court |
| THE STATE OF TEXAS, | § | of Dallas County, Texas |
| Appellee. | § | (TC# F-1071647-T) |
| | § | |

## **O P I N I O N**

Ternorris Duncan appeals the trial court's judgment revoking his deferred-adjudication probation for aggravated assault with a deadly weapon. In a single issue, Duncan contends that the trial court erred by ordering that the twenty-year sentence he received in this case run cumulative to the ten-year sentence he received in another case, Cause No. F-1172025-T.[1] Because the trial court erred in cumulating the sentences, we reform the judgment to delete the cumulation order and affirm as reformed.

### **FACTUAL AND PROCEDURAL BACKGROUND**

In March 2010, Duncan assaulted Janine Jones, a former girlfriend and the mother of one of his children, while retrieving personal items from her bedroom. When Jones accused Duncan

---

[1] Duncan is also appealing the trial court's judgment in that case, which has been assigned appellate Cause No. 08-12-00328-CR.

of seeing other women, Duncan pointed a pistol at Jones's head and threatened to kill her if she attempted to keep him from seeing their daughter. Approximately two months later, Duncan assaulted Courtney Richardson, the woman with whom he was living. Duncan was dissatisfied with Richardson's response regarding her whereabouts and punched her in the face several times. Sadly, this incident was not a single, isolated event. In January 2011, Duncan again assaulted Richardson, who was then 38 weeks pregnant with Duncan's child. After arguing with Richardson, Duncan pushed her, grabbed her by the neck, struck her with a skillet, kicked her in the stomach, and—though later denied by Richardson—struck her with a handgun.[2]

Duncan was charged in two separate indictments with committing aggravated assault upon Jones with a deadly weapon (Cause No. F-1071647-T) and committing continuous violence against Richardson (Cause No. F-1172025-T). Pursuant to two separate plea-bargain agreements, Duncan pled guilty to each charged offense. In each case, the trial court found the evidence sufficient to find Duncan guilty, but deferred further proceedings and placed Duncan on probation.

The State subsequently filed motions to revoke Duncan's un-adjudicated probation in both cases. The motions were heard by the trial court at one consolidated proceeding. The trial court found that Duncan violated several of the conditions of his probation, adjudicated him guilty, and sentenced him to the aforementioned terms of imprisonment. The trial court further ordered the sentences to run consecutively.

## CONSECUTIVE SENTENCES

In his sole issue, Duncan contends that the trial court improperly "stacked," or cumulated, his sentences because the two offenses arose from the same criminal episode and were prosecuted

---

[2] The record also contains evidence that Duncan harassed Richardson and made threatening phone calls to her.

in a single criminal action.[3]   We agree.

### *Standard of Review*

We review a trial court's decision to "stack," or cumulate, sentences for an abuse of discretion.   *See* TEX.CODE CRIM.PROC.ANN. art. 42.08(a)(West Supp. 2012); *Nicholas v. State*, 56 S.W.3d 760, 764-65 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd).   The test for abuse of discretion is whether the trial court's action falls within the zone of reasonable disagreement. *Manning v. State*, 114 S.W.3d 922, 926 (Tex.Crim.App. 2003).

### *Applicable Law*

Under Article 42.08(a) of the Texas Code of Criminal Procedure, a trial court has the discretion to sentence a defendant convicted in two or more cases to concurrent or cumulative sentences.   TEX.CODE CRIM.PROC.ANN. art. 42.08(a).   A trial court's ability to cumulate sentences, however, is limited by Section 3.03(a) of the Texas Penal Code.   Subject to narrow exceptions inapplicable here, Section 3.03(a) mandates that if a defendant is tried in a single criminal action for two or more offenses arising from the same criminal episode, the sentences imposed must run concurrently.   TEX.PENAL CODE ANN. § 3.03(a)(West Supp. 2012).

### *Discussion*

Duncan has established that the offenses of aggravated assault with a deadly weapon and continuous violence against the family arose from the "same criminal episode" and that he was prosecuted in a "single criminal action."

### 1.   Same Criminal Episode

---

[3] Despite Duncan's failure to object to the imposition of sentence at trial or in a post-judgment motion, he has not forfeited appellate review of his complaint.   *See LaPorte v. State*, 840 S.W.2d 412, 415 (Tex.Crim.App. 1992)(holding that because "[a]n improper cumulation order is, in essence, a void sentence," it may be challenged for the first time on appeal).   The State does not contend otherwise on appeal.

Duncan argues that since "[b]oth offenses involve family violence assaults against persons with whom [he] had a dating relationship[,]" the offenses arose from the same criminal episode because "[t]hey involve essentially the same conduct, against persons with the same type of status." We agree.

Section 3.01 of the Texas Penal Code defines "criminal episode" as:

[T]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

TEX.PENAL CODE ANN. § 3.01(West 2011). To be characterized as a single criminal episode, multiple offenses occurring on different dates, in different places, and against several complainants must either: (1) be the same or similar; (2) share a common scheme or plan; or (3) have been repeated in a similar fashion. *See Baker v. State*, 107 S.W.3d 671, 673 (Tex.App.--San Antonio 2003, no pet.)(considering offenses committed against three different women at three different locations within an eleven-month period as offenses committed in a single episode because each offense was against "a woman living on or near Hope's Ferry, occurred in or near her home while she was alone, and took place in the early morning hours."); *Hernandez v. State*, 938 S.W.2d 503, 508-09 (Tex.App.--Waco 1997, pet. ref'd)(treating April 16 cocaine sale and September 22 marihuana sale merely repetitious commissions of same offense); *Guidry v. State*, 909 S.W.2d 584, 585 (Tex.App.--Corpus Christi 1995, pet. ref'd)(holding that two aggravated robberies were similar because the perpetrator branded a knife during both offenses, so their

4

sentences should run concurrently).

The offenses committed here by Duncan are similar offenses in that they share a common gravamen—assaultive conduct. Each offense requires proof that the defendant engaged in conduct constituting assault as defined under Section 22.01(a)(1) of the Texas Penal Code as an essential element of the crime. *See* TEX.PENAL CODE ANN. § 22.02(a)(West 2011)(Aggravated Assault with a Deadly Weapon)("A person commits an offense if the person commits assault as defined in § 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault."); TEX.PENAL CODE ANN. § 25.11(a)(West 2011)(Continuous Violence Against the Family)("A person commits an offense if, during a period that is 12 months or less in duration, the person two or more times engages in conduct that constitutes an offense under Section 22.01(a)(1) against another person or persons whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code."). Further, both offenses were committed in a similar fashion. Duncan assailed two of his paramours in their homes and used a handgun in two of the attacks.

The State contends that both offenses are not similar for purposes of Section 3.03(a) because each offense has elements unique to it and because the offenses "are included in entirely separate titles and chapters within the Penal Code." We do not dispute that the two offenses are distinguishable. Whereas the offense of continuous violence against the family requires proof of repeated assaults be perpetrated upon a family member during a 12-month period as elements of the crime, the offense of aggravated assault with a deadly weapon does not. And whereas the offenses of aggravated assault with a deadly weapon is found in Chapter 22, "Assaultive

5

Offenses," of Title 5, "Offenses Against the Person," of the Texas Penal Code, the offense of continuous violence against the family is found in Chapter 25, "Offenses Against the Family," of Title 6, "Offenses Against the Family," of the Penal Code. But we do not agree that these distinctions render the two offenses dissimilar for purposes of Section 3.03(a). The two offenses share a critical connection—the common gravamen of assaultive conduct—and were perpetrated in a similar fashion—assailing two romantic interests in their homes with the use of a handgun in two of the attacks. Accordingly, we conclude that both offenses arose from the "same criminal episode." *See Baker*, 107 S.W.3d at 673; *Guidry*, 909 S.W.2d at 585.

### 2. Single Criminal Action

Duncan argues that he was prosecuted in a single criminal action "because the finding of guilt and pronouncement of sentence [occurred] in a single proceeding . . . ." We agree.

"[A] defendant is prosecuted in 'a single criminal action' whenever allegations and evidence of more than one offense arising out of the same criminal episode, as that term is defined in Chapter 3, are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several . . . ." *LaPorte*, 840 S.W.2d at 415. A plea proceeding is not complete until punishment has been assessed. *Robbins v. State*, 914 S.W.2d 582, 583 (Tex.Crim.App. 1996). Here, the State presented allegations and evidence of more than one offense arising out of the same criminal episode in a single plea proceeding with no distinction of evidence, *i.e.*, the consolidated proceeding at which the court heard both of the State's motions to revoke Duncan's community supervision, adjudicated Duncan's guilt, and assessed his sentences. The intertwining of facts rendered it a single criminal action.

Relying on Justice Baird's concurring opinion in *Duran v. State*, 844 S.W.2d 745

6

(Tex.Crim.App. 1992), the State contends that Duncan failed to prove he was prosecuted in a single criminal action because he did not show that the two offenses "were consolidated at the time he pled guilty and at the time of the revocation hearing." The State's reliance on Justice Baird's concurring opinion in *Duran* is misplaced.

In *Duran*, the appellant's probations in two related drug cases were revoked at a joint revocation hearing and the sentences were ordered to run consecutively. *Id*. at 746. On appeal, the appellant argued that the sentences were improperly cumulated because they were the result of a single trial. *Id*. The majority of the court of criminal appeals was not swayed by the appellant's argument because the record did not show whether the original plea proceedings had been consolidated. *Id*. In his concurrence, Justice Baird expressed the view that a defendant is not entitled to concurrent sentences under Section 3.03 unless both the plea proceedings and the hearings on the motions to revoke probation are held jointly. *Id.* at 748 (Baird, J., concurring).

But Justice Baird's view was subsequently rejected by the majority of the court of criminal appeals in *Robbins*. There, the appellant was charged in separate indictments with two offenses of aggravated sexual assault that arose out of the same transaction. 914 S.W.2d at 583. The trial court conducted two separate plea proceedings, but one consolidated punishment hearing. *Id*. On appeal, the appellant argued that the trial court erred in ordering the sentences served consecutively, because they were prosecuted in the same criminal action. *Id.* The court of criminal appeals agreed, explaining that a plea proceeding is not complete until punishment has been assessed, and therefore, the causes were prosecuted in the "same criminal action." *Id*. at 583-84. Justice Baird noted his dissent, citing his concurring opinion in *Duran*. *Id*. at 584.

The situation in this case is more analogous to that in *Robbins* than in *Duran*. Here, as in

7

*Robbins*, adjudication of guilt and punishment occurred in a single unified hearing. Consequently, we conclude—consistent with the decisions in *La Porte* and *Robbins*—that Duncan was prosecuted in a single criminal proceeding. *See Martin v. State*, 143 S.W.3d 412, 414-15 (Tex.App.--Austin 2004, no pet.)(relying on *La Porte* and *Robbins*, among others, in concluding that a defendant has been prosecuted in a single criminal proceeding when multiple offenses arising out of the same criminal episode are tried jointly at any phase).

Duncan has met his burden of establishing that the trial court improperly "stacked," or cumulated, his sentences. Accordingly, we conclude that the trial court erred in exercising its discretion by ordering that Duncan's sentence in this case run cumulative to the sentence he received in Cause No. F-1172025-T.

Duncan's issue is sustained.

## CONCLUSION

When a trial court erroneously cumulates sentences, the appropriate remedy is to reform the judgment and delete the cumulation order. *Robbins*, 914 S.W.2d at 584. Accordingly, we reform the judgment of the trial court in this cause and delete all reference suggesting that the sentence in this cause is to run cumulative to, consecutive to, or in any way after completion of the sentence in Cause No. F-1172025-T. The judgment is affirmed as reformed.


October 18, 2013

                                    YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)


8