**Ex parte Ramona L. HUFFMAN.**

**No. 04–99–00404–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 17, 1999.

Sherri A. Russell, San Antonio, for Appellant.

Barbara Hervey, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

This accelerated appeal concerns the propriety of the trial court to extend community supervision for two years in order for the appellant to continue to make restitution payments on a 1995 theft by check charge. However, having reconsidered our original ruling on jurisdiction, we find that this court has no jurisdiction because the trial court did not have an opportunity to consider this issue in a proper habeas proceeding. Accordingly, we dismiss this appeal for want of jurisdiction.

### FACTUAL BACKGROUND

On July 15, 1995, Huffman wrote a check to purchase merchandise in a store. The check was returned to the merchant

because the checking account had been closed. On December 18, 1995, Huffman was charged by information with theft by check in the amount of $20 to $500, a misdemeanor. On May 28, 1997, Huffman entered a plea of *nolo contendere* and the trial court deferred adjudication on the condition that she pay all fines and costs. The term of probation was set at two years. The Order deferring adjudication orders restitution in the amount of $7,608.89, plus $202.00 in costs. A monthly payment plan provided she pay $317.00 on restitution, $8.41 in costs, and a monthly supervisory fee of $25.00.

## PROCEDURAL BACKGROUND

Over the course of this probation, appellant has been ordered to appear before the court fourteen times, generally to report on her progress in making restitution. On August 18, 1998, the State filed a motion to adjudicate guilt and revoke probation on the grounds that Huffman had failed to make these payments during the months of March, April, June, and July of 1998. On a writ of capias, Huffman was arrested and released on a personal recognizance bond on which she swore under oath that she was unemployed. On December 21, 1998, Judge Crouch modified the terms and conditions of probation and ordered Huffman to serve 72 hours in the county jail. On February 18, 1999, the court granted the State's motion to withdraw its motion to revoke probation. In April, the court ordered Huffman to make a full month's payment every week until May 25. On May 25, 1999, three days before the probationary term was set to expire, the court extended probation for two years to May 28, 2001, for failure to make restitution. Huffman sent a letter to the court requesting an attorney be appointed to assist her in an appeal.

## JURISDICTION

■ Following a jurisdiction check, this court issued a show cause order questioning whether the order modifying the terms and conditions of probation was a matter over which we had appellate jurisdiction. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex.Crim.App.1977). Appellant filed a response requesting the court to treat this matter as a habeas appeal. On July 26, 1999, Justice Angelini issued an order which construed this case as an appeal of a denial of relief on a writ of habeas corpus "pursuant to *Basaldua*." The order recognized appellant's contention that the order extending her term of probation "constituted unconstitutional infringements of freedom of action or 'restraint'." *Id.*

In *Basaldua*, the appellant sought review of an order refusing to alter or modify his conditions of probation. *See id.* at 3. The court of criminal appeals concluded that "the imposition of conditions of probation that contain unconstitutional infringements of freedom of action constitutes a 'restraint' within the scope of habeas corpus relief." *Id.* at 5. Thus, the court construed the notice of appeal as a habeas matter and proceeded to consider the merits of appellant's constitutional complaints. *Id.* (where proper habeas issue is posed, it would be useless thing to dismiss the appeal and require separate habeas procedure).

The State urges reconsideration contending our previous order misconstrued *Basaldua*. The State argues that a "writ" of sorts was never considered on its merits by the trial court, and therefore, does not confer jurisdiction on an appellate court. *See Ex parte Hargett*, 819 S.W.2d 866 (Tex.Crim.App.1991). Huffman has presented for review no application for a writ of habeas corpus and no order by the trial court denying relief. All we have is appellant's letter to the court stating she is indigent and requesting appointment of an attorney so that she can appeal the court's order.

■ Appellant points to the many times the trial court has confronted appellant about restitution and respectfully suggests that requiring appellant to initiate a habeas proceeding would amount to a useless

effort. Indeed, we note that the trial court ordered Huffman's appearance fourteen times, ordered her to spend 72 hours in jail, and, at least four times, ordered her to make restitution payments. The last order required Huffman to pay the monthly amount on a weekly basis and report to her probation officer weekly. The record does not reflect any progress toward restitution.

The State suggests that appellant should more properly apply for relief at the trial court or file a writ of habeas corpus in a district court. *See* TEX.CODE CRIM. PROC. Arts. 11.05 & 11.09; *Ex parte Johnson*, 561 S.W.2d 841 842 (Tex.Crim.App.1978) (county and district courts have original jurisdiction in habeas corpus proceedings when petition attacks validity of misdemeanor conviction). We agree and do not think this would be a useless act. In a case such as this, where the issue is whether the trial court relied on the wrong version of a statute to extend the probationary term, we find that the trial court should first have an opportunity to reform its ruling, if necessary, to comply with the controlling version of the law.

The appeal is dismissed for want of jurisdiction.