

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. WR-82,072-01

---

### EX PARTE KENNETH LASHON GREEN, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR38038 IN THE 385TH DISTRICT COURT
### FROM MIDLAND COUNTY

---

**YEARY, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

Applicant, Kenneth Lashon Green, was charged with two counts of sexual assault.

Both offenses were consolidated in a single criminal action for trial, as they arose out of the

same criminal episode. TEX. PENAL CODE ANN. § 3.02(a). A jury convicted Applicant of both

counts, and he was sentenced, for each count, to confinement for four years. The trial court

ordered his sentences stacked.[1]

With the assistance of counsel Applicant appealed, but the court of appeals affirmed

---

[1] As used here, the word "stacked" refers to an order requiring that the sentences run consecutively, pursuant to section 3.03 of the Penal Code. TEX. PENAL CODE ANN. art. 3.03.

the trial court's judgment.[2] Applicant next sought discretionary review in this Court, but his

*pro se* petition was dismissed as untimely.[3] Applicant now appears before us seeking relief

through a post-conviction application for the writ of habeas corpus. TEX. CODE CRIM. PROC.

art. 11.07. He presents four grounds for relief, two of which, in my view, merit our

attention.[4] First, in his third ground for relief, Applicant contends his appellate counsel was

ineffective for failing to argue on appeal that the sentences were improperly cumulated.

Second, in his fourth ground for relief, Applicant contends that this Court erred by dismissing

his petition for discretionary review as untimely.

In a *per curiam* opinion handed down today, without addressing Applicant's other

complaints, this Court observes that, in fact, Applicant placed his petition for discretionary

---

[2] On direct appeal, Applicant's counsel raised four issues. The first and second issues complained that the prosecutor engaged in improper jury argument. The third issue complained that the prosecutor improperly bolstered the victim's testimony. And the fourth issue challenged the denial of Applicant's motion for directed verdict. *Green v. State*, No. 11-11-00273-CR, 2013 WL 4715692, *1 (Tex. App.—Eastland August 30, 2013, pet. dism'd) (mem. op, not designated for publication).

[3] In his petition for discretionary review, Applicant raised two grounds for review. The first complained that his "counsel was ineffective in the Petitioner's Direct Appeal for not raising the issue of the Trial Court abusing [its] Discretion by illegally stacking the Petitioner's sentenc[e.]" Petition for Discretionary Review at 4. The second ground complained that the trial court erred by failing to instruct the jury properly concerning his punishment. Neither of these issues was raised or addressed in Applicant's direct appeal.

[4] Applicant's first ground for relief contends that his trial counsel was ineffective for failing to object to the stacking order. Applicant's second ground for relief contends that he has been punished twice in violation of the double jeopardy clause and the 14th Amendment of the U.S. Constitution. I agree with the majority that these claims should be dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997) (explaining, "because granting an out-of-time appeal restores the pendency of the direct appeal, any remaining substantive claims would become premature, and hence, subject to dismissal").

review in the prison mail system by the due date and this Court erred by initially dismissing the petition as untimely filed. The Court therefore grants Applicant an opportunity to file a new out-of-time petition for discretionary review and dismisses his remaining claims.[5]

I agree with this Court that Applicant's petition for discretionary review was dismissed in error. However, in this case, we also are presented with a claim that Applicant was denied effective assistance of counsel on direct appeal because his appellate counsel failed to complain that the trial court erred by stacking his sentences. In my view, we should address Applicant's claim alleging ineffective assistance of his appellate counsel and grant relief on that claim rather than *only* affording Applicant another opportunity to file a petition for discretionary review.

Addressing the standard of review for cases in which an applicant complains that his counsel on appeal was ineffective for failing to raise a particular complaint, this Court has explained the following:

> [T]o show that appellate counsel was ineffective for failing to assign a particular point of error on appeal, an applicant must meet the standard set out

---

[5] At the risk of distracting from the other issues I discuss in this dissent, I also believe that the Court's majority opinion affords the wrong relief to Applicant in this case. The complaint for which the Court grants relief is this Court's own erroneous dismissal of Applicant's petition for discretionary review as untimely. Because this Court improperly dismissed the Applicant's petition, he is entitled to have his original petition reinstated by the Court and no more. Instead, this Court appears to permit the filing of a new petition for discretionary review, which in my view is an unwarranted windfall. Filing a new petition, the Applicant will have the ability to raise new claims that truly would have been considered untimely had their filing followed the filing of the improperly dismissed petition. This Court still retains possession of the petition that was dismissed. If the Court decides it should only grant relief on this ground, it should simply reinstate the improperly dismissed petition.

> in *Strickland v. Washington*. This requires a showing of both deficient performance and prejudice. An applicant must demonstrate that counsel's decision not to raise a particular point of error was objectively unreasonable and that there is a reasonable probability that, but for counsel's failure to raise that issue, the applicant would have prevailed on appeal. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding.

*Ex parte Santana*, 227 S.W.3d 700, 704-705 (Tex. Crim. App. 2007) (footnotes omitted). Applicant must therefore demonstrate that: (1) his counsel's decision not to raise an issue on direct appeal about the stacking order in his case was objectively unreasonable, and (2) there is a reasonable probability that, if the complaint had been raised, he would have prevailed on appeal.

Section 3.03 of the Texas Penal Code (which addresses when sentences arising out of the same criminal episode must be served concurrently and when they may be served consecutively) provides, "[i]f the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run . . . consecutively if each sentence is for a conviction of: (2) an offense: (A) under . . . 22.011 . . . committed against a victim younger than 17 years of age at the time of the commission of the offense. . . ." TEX. PENAL CODE ANN. § 3.03(b)(2)(A). Applicant was tried, convicted, and sentenced for two counts of sexual assault, both arising under Section 22.011 of the Penal Code. TEX. PENAL CODE ANN. § 22.011(a)(1)(A) and (B). But the victim testified during the Applicant's trial that she was at that time already 22 years old. The State has also conceded in its answer to this application for habeas relief that the victim's birthday is June 7, 1989, and that she was 21

years, 3 months, and 9 days old on the day of the offense: November 15, 2010.

Because Section 3.03(b)(2)(A) of the Penal Code permits the stacking of sentences arising out of the same criminal episode for offenses only where the victim was younger than 17 at the time of the commission of the offense, and because the victim in this case was 21 at the time of the commission of the offense, that Section does not appear to permit the sentences to be stacked in this case. It also appears that no other subsection within Section 3.03 justifies the stacking of sentences under the facts of this case. And I see no evidence that Applicant agreed to stacking as part of a plea bargain or for any other reason.

Applicant's appellate counsel filed an affidavit with the trial court admitting that "appellate counsel did not notice the error presented pursuant to Penal [C]ode [S]ection 3.03 (Vernon 2014)." He appears to concede therefore that he did not even consider raising a complaint about the stacking order. What is certain is that our current controlling case law would have permitted appellate counsel to challenge the trial court's stacking order even in the absence of an objection in the trial court record. *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). And the State conceded in its answer to this application that the trial court's stacking order should be set aside.

It is clear to me why the convicting court has concluded that appellate counsel provided ineffective assistance for failing to raise issue of the stacked sentences on direct appeal. I agree with the convicting court. In my view, Applicant has demonstrated that: (1) his counsel's decision not to raise an issue on direct appeal about the stacking order in his

case was objectively unreasonable, and (2) there is a reasonable probability that, had the complaint been raised, he would have prevailed on appeal. Accordingly, I would find he is entitled to relief on the claim that he received ineffective assistance of counsel on direct appeal. *See Ex parte Santana*, 227 S.W.3d at 704-705.

This Court's opinion granting Applicant a new opportunity to file a petition for discretionary review certainly affords some relief to which Applicant is entitled. But in my view it affords relief akin to a nicely wrapped gift box containing nothing at all. Applicant's appellate counsel did not complain on direct appeal about his improperly stacked sentences. Applicant did raise, in his *pro se* petition for discretionary review that was improperly dismissed as untimely by this Court, the very same claim that he now reiterates in his habeas application and for which I find he is entitled to relief.[6] But, under our existing precedent, he cannot get relief on that ground through a petition for discretionary review. On discretionary review, he can only raise complaints about errors that were first raised in the court of appeals. *See, e.g., Gallups v. State*, 151 S.W.3d 196, 200 (Tex. Crim. App. 2004) (dismissing as improvidently granted two grounds that were not raised or addressed by the court of appeals); *Whatley v. State*, 946 S.W.2d 73, 76 n. 6 (Tex. Crim. App. 1997) (explaining that this Court would not address a complaint that had not been first raised in the court of appeals). What good does granting the out-of-time petition do for Applicant at this point that simply granting him habeas corpus relief immediately does not better accomplish?

---

[6] *See* note 3, *ante*.

Immediately granting Applicant a new appeal, by contrast, would afford him appropriate relief on a meritorious habeas claim that his appellate counsel provided ineffective assistance by allowing him to complain for the first time on direct appeal about the improper stacking order in his case. Should he not prevail on that claim in the court of appeals, or should he raise other complaints on appeal that are not resolved to his satisfaction, he will still be able to raise them by a petition for discretionary review. TEX. R. APP. P. 68.1 (providing that, "[o]n petition by any party, the Court of Criminal Appeals may review a court of appeals' decision in a criminal case").

The Court's opinion today fails to afford applicant the full relief to which he has shown himself justly entitled. Applicant is entitled to an opportunity to file a petition for discretionary review. But that is not all. He is also entitled to a new direct appeal, during which he can complain about the stacking order in his case, and through which he can actually have that issue timely and appropriately addressed.

There is little doubt that, even if applicant complains about the stacking order in a new petition for discretionary review, he will not get relief for that claim in that proceeding. Who knows whether the *pro se* Applicant in this case will continue to pursue that claim if his petition for discretionary review is refused? He might. Or he might lose heart and give up hope. This Court's decision today affords only part of the relief to which Applicant is entitled, and because it only affords relief that is unlikely to result in a timely review of the trial court's stacking order in his case, he will simply be required to file another post-

conviction application for writ of habeas corpus at some future date if he wants to obtain the relief to which he is demonstrably entitled. Because I fail to see the point in that, I respectfully dissent.

FILED:      April 1, 2015
PUBLISH