FILED IN
COURT OF CRIMINAL APPEALS

December 10, 2015

ABEL ACOSTA, CLERK

PD-0597-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/10/2015 1:18:05 PM
Accepted 12/10/2015 1:37:05 PM
ABEL ACOSTA
CLERK

No. PD-0597-15

# IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

---

*BERNARD WINFIELD SHORTT*, Appellant/Petitioner

vs.

*THE STATE OF TEXAS*, Appellee/Respondent

---

*On discretionary review of a decision by the
Court of Appeals, Fifth District of Texas at Dallas,
in Cause No. 05-13-01639-CR*

*On appeal from the 194th Judicial District Court of Dallas County, Texas
in Trial Court Cause No. F07-00193-M*

---

## STATE'S BRIEF

---

Susan Hawk
*Criminal District Attorney*
Dallas County, Texas

Counsel of Record:
Marisa Elmore
*Assistant District Attorney*
State Bar No. 24037304
Frank Crowley Courts Building
133 N. Riverfront Boulevard, LB-19
Dallas, Texas 75207-4399
(214) 653-3625
(214) 653-3643 *fax*
marisa.elmore@dallascounty.org

*Attorneys for the State of Texas*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ........................................................................................iii

STATEMENT OF THE CASE ...................................................................................1

STATEMENT OF FACTS .........................................................................................2

SUMMARY OF ARGUMENT ..................................................................................6

ARGUMENT .............................................................................................................7

      **RESPONSE TO APPELLANT'S ISSUE ONE: The Fifth Court of Appeals correctly applied Texas case law and dismissed Appellant's direct appeal from the order of shock probation for lack of jurisdiction.** ...........................................................7

      **RESPONSE TO APPELLANT'S ISSUE TWO: This Court should decline to treat Appellant's appeal as a writ of habeas corpus because Code of Criminal Procedure article 11.072 provides the exclusive avenue for defendants seeking a remedy when they have a complaint about the constitutionality of a condition of community supervision. Appellant also fails the test for entitlement to a writ of mandamus, and the facts here do not provide an exceptional case calling on this Court to treat Appellant's appeal as a writ of habeas corpus or mandamus.** .. 19

PRAYER .................................................................................................................30

CERTIFICATE OF WORD-COUNT COMPLIANCE ............................................30

CERTIFICATE OF SERVICE ................................................................................30

# INDEX OF AUTHORITIES

**Cases**

*Abbott v. State,*
   271 S.W.3d 694 (Tex. Crim. App. 2008)........................................ 11, 12, 13

*Bailey v. State,*
   160 S.W.3d 11 (Tex. Crim. App. 2004)................................................... 24

*Basaldua v. State,*
   558 S.W.2d 2 (Tex. Crim. App. 1977)........................................... 9, 18, 23

*Bautsch v. Galveston,*
   27 Tex. Ct. App. 342, 11 S.W. 414 (1889)...........................................13, 15

*Blanton v. State,*
   369 S.W.3d 894 (Tex. Crim. App. 2012)..................................11, 16, 18, 19

*Burt v. State,*
   445 S.W.3d 752 (Tex. Crim. App. 2014).................................................. 20

*Cain v. State,*
   947 S.W.2d 262 (Tex. Crim. App. 1997).................................................. 10

*Celani v. State,*
   940 S.W.2d 327 (Tex. App.—San Antonio 1997, pet. ref'd)................12, 18

*Duran v. State,*
   844 S.W.2d 745 (Tex. Crim. App. 1992)....................................... 13, 14, 15

*Ex parte Fitzpatrick,*
   320 S.W.2d 683 (1959).......................................................................... 24

*Ex parte Garcia,*
   353 S.W.3d 785 (Tex. Crim. App. 2011)................................................. 25

*Ex parte Green,*
   457 S.W.3d 90 (Tex. Crim. App. 2015).................................................. 28

*Ex parte Roberts*,
409 S.W.3d 759 (Tex. App.—San Antonio 2013, no pet.)....................22, 24

*Ex parte Rodriguez*,
169 Tex. Crim. 367, 334 S.W.2d 294 (1960)............................................. 24

*Ex parte Thomas*,
906 S.W.2d 22 (Tex. Crim. App. 1995)..................................................... 25

*Houlihan v. State*,
579 S.W.2d 213 (Tex. Crim. App. 1979)................................................ 9, 23

*In re Bonilla*,
424 S.W.3d 528 (Tex. Crim. App. 2014) (orig. proceeding)....................... 20

*King v. State*,
942 S.W.2d 667 (Tex. App.—Eastland 1997, pet. ref'd)........................... 14

*Marin v. State*,
851 S.W.2d 275 (Tex. Crim. App. 1993)..............................................10, 17

*Olowosuko v. State*,
826 S.W.2d 940 (Tex. Crim. App. 1992)..............................................11, 17

*Perez v. State,*
938 S.W.2d 761 (Tex. App.—Austin 1997, pet. ref'd).............8, 9, 10, 18, 28

*Phynes v. State*,
828 S.W.2d 1 (Tex. Crim. App. 1992)...................................................... 10

*Pippin v. State*,
271 S.W.3d 861 (Tex. App.—Amarillo 2008, no pet.) ............................... 9

*Sanchez v. State*,
340 S.W.3d 848 (Tex. App.—San Antonio 2011, no pet.)....................11, 12

*Shortt v. State*,
No. 05-13-01639-CR, 2015 Tex. App. LEXIS 4808 (Tex. App.—Dallas
May 12, 2015, pet. granted) (mem. op., not designated for publication).......2

iv

*Smith v. Sohmert,*
   962 S.W.2d 590 (Tex. Crim. App. 1998) .................................................. 20

*Tamez v. State*,
   620 S.W.2d 586 (Tex. Crim. App. 1981) .................................................. 14

*Taylor v. State*,
   131 S.W.3d 497 (Tex. Crim. App. 2004) .............................................. 4, 21

*Tilton v. Marshall*,
   925 S.W.2d 672 (Tex. 1996) ..................................................................... 20

*Villanueva v. State*,
   252 S.W.3d 391 (Tex. Crim. App. 2008) ...............................20, 21, 23, 28

*Weir v. State*,
   278 S.W.3d 364 (Tex. Crim. App. 2009) .................................................. 21

*Wiltz v. State*,
   863 S.W.2d 463 (Tex. Crim. App. 1993) ..............................................14, 15

**Statutes**

Tex. Code Crim. Proc. Ann. art. 11.05 (West 2015).................................... 24

Tex. Code Crim. Proc. Ann. art. 11.072 (West 2015)........19, 21, 22, 24, 26, 28

Tex. Code Crim. Proc. Ann. art. 42.037 (West Supp. 2014) ......................... 20

Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp. 2014) ..... 11, 14, 15, 16, 21

Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006)................................12, 13

Tex. Code Crim. Proc. Ann. art. 44.42 (West 2006).................................... 17

Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006).................................... 17

Tex. Gov't Code Ann. § 22.221 (West Supp. 2014)..................................... 27

## Rules

Tex. R. App. P. 2 ................................................................................ 18

Tex. R. App. P. 25.2 .........................................................................12, 17

Tex. R. App. P. 52.1−52.3 ................................................................. 29

Tex. R. App. P. 72.1 .......................................................................... 29

## Constitutional Authority

Tex. Const. art. V.........................................................11, 23, 24, 27

## Other Authority

Act of May 23, 2008, 80 th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen.
   Laws 4395, 4397 .......................................................................... 16

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State of Texas submits this brief in response to the brief of Appellant, Bernard Winfield Shortt.

## STATEMENT OF THE CASE

A grand jury indicted Appellant for the second-degree felony of burglary of a habitation. (CR: 11). The trial court placed Appellant on deferred-adjudication probation and later revoked his probation, adjudicated his guilt, and sentenced him to ten years' confinement in the Texas Department of Criminal Justice. (CR: 25, 51). After being incarcerated for five months, the trial court granted Appellant's motion for shock probation and placed him on five years' probation. (CR: 60-61; RR5: 10).

The trial court certified Appellant's right to appeal from the order granting shock probation. (CR: 79). Appellant filed notice of appeal, attempting to appeal the shock probation proceedings in the Fifth District Court of Appeals at Dallas in *Shortt v. State*, No. 05-13-01639-CR. On direct appeal, he complained that the trial court erred in ordering him to pay restitution as a condition of community supervision. (CR: 72). After both parties had already filed briefs on the merits, the Fifth Court of Appeals questioned its jurisdiction over an order of shock probation and ordered the parties to file letter briefs. After considering the letter briefs, the Fifth Court of

1

Appeals dismissed Appellant's direct appeal for lack of jurisdiction. *Shortt v. State*, No. 05-13-01639-CR, 2015 Tex. App. LEXIS 4808 (Tex. App.—Dallas May 12, 2015, pet. granted) (mem. op., not designated for publication).

## STATEMENT OF FACTS

In December 2006, Appellant broke into the victim's house and stole personal property and money. (RR3: 6, 8, 10). Appellant was arrested and charged by indictment with burglary of a habitation. (CR: 11-12; RR2: 5).

In October 2007, Appellant signed a judicial confession and a plea agreement and pled guilty to the offense. (CR: 17, 21-22, 25; RR2: 5-7; RR3: 4). The trial court held a restitution and sentencing hearing in December 2007. (RR3: 4). The trial court heard testimony from the victim, who testified that Appellant broke into his house and stole approximately $18,000 in cash from a safe and $285 in change from a coffee container.[1] (RR3: 6-7). The victim estimated that he retrieved around $6,200 of the stolen money, and he requested $12,285 in restitution. (RR3: 11).

At the conclusion of the restitution and sentencing hearing, and, in accordance with the plea bargain agreement, the trial court found the evidence

---

[1] The evidence was inconsistent as to how much money was taken from the safe. The victim initially told police that $13,000 or $17,000 was taken from the safe, and $250 was taken from the coffee container, then testified to these different amounts at the restitution hearing. (RR3: 6, 9-10, 18-19).

2

substantiated a finding of guilt and placed Appellant on seven years' deferred-adjudication probation. (CR: 25; RR3: 34). Among other conditions of community supervision, the trial court ordered Appellant to pay $9,085 in restitution as a condition of community supervision. (CR: 27; RR3: 34-35). The trial court specifically waived court costs and community supervision fees, stating,

> Let me make this perfectly clear. I expect this victim to be made whole with the amount of restitution that I ordered. That's the only reason I waived the court cost[s], probation fees and all of those issue[s]. But I expect this victim to be made whole. And you need to take responsibility for that.

(RR3: 35).

Almost six years later in May 2013, the State filed an amended motion to revoke community supervision or proceed with an adjudication of guilt.[2] (CR: 44-45). Among other violations, the State alleged that Appellant violated a condition of his community supervision by failing to pay restitution as ordered and was delinquent in the amount of $6,178. (CR: 45; RR4: 5). At the revocation hearing on May 31, 2013, Appellant entered an open plea of true to the State's allegations and admitted that he had violated the terms of his community supervision. (CR: 49; RR4: 5-6). After hearing testimony from

---

[2] The record reflects that the State also filed two earlier motions to revoke community supervision or proceed with an adjudication of guilt, one on October 27, 2008, and one on July 31, 2009. (CR: 35-38).

3

Appellant and two more witnesses, the trial court found that Appellant had violated the conditions of his community supervision and sentenced him to ten years' confinement in the Texas Department of Criminal Justice with a possibility of shock probation. (RR4: 6, 20-21, 24-26; CR: 51). The trial court did not orally pronounce restitution. (RR4: 26). The section in the written judgment adjudicating guilt referring to restitution reads, "Restitution: $N/A." (CR: 51).

Appellant was incarcerated until October 28, 2013, when he returned to the trial court for a shock probation hearing. (RR4: 26; RR5: 4-5). The same trial judge who presided over the restitution hearing in December 2007 and the revocation hearing in May 2013 also presided over the shock probation hearing. (RR3-5). When the trial judge asked Appellant if he had restitution in the case, Appellant stated that he did, but trial counsel objected that, under *Taylor v. State*, because the trial court did not pronounce restitution during sentencing at the revocation hearing, the trial court could not include it in the conditions of Appellant's shock probation.[3] (RR5: 8-11). The trial court queried, "My reading of this case was that the issue in question was not

---

[3] The record does not contain a citation to the case cited by trial counsel, but the applicable citation appears to be *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (holding that, when the State files a motion to adjudicate and the trial court adjudicates guilt, the trial court sets aside the underlying deferred adjudication order and assesses punishment, and any fine must be orally pronounced at that time).

pronounced when the defendant was given probation; is that correct?" (RR5: 9).

The trial court then granted Appellant's request for shock probation, suspended his ten-year sentence, placed him on five years' community supervision, and, over trial counsel's objection, ordered Appellant to pay restitution. (CR: 63; RR5: 10). Condition (q) of Appellant's conditions of community supervision orders him as follows:

> Make restitution in the amount of $6,178 for the loss sustained by the injured party. Payments are to be paid through the community supervision officer of this court at the rate of $110.00 per month. First payment is due on or before 11/30/2013 and a like payment is due on or before the first day of each month thereafter until paid in full[.][4]

(CR: 63). In its opinion dismissing Appellant's direct appeal for lack of jurisdiction, the Fifth Court of Appeals cited a number of Texas cases from intermediate courts of appeals supporting its determination that no statutory authority confers jurisdiction upon an appellate court to entertain a direct appeal from an order granting shock probation. *Shortt*, 2015 Tex. App. LEXIS 4808, at *6.

---

[4] $6,178 was the outstanding balance of the $9,085 restitution Appellant was ordered to pay in the December 2007 deferred-adjudication order.

## SUMMARY OF ARGUMENT

**Issue One:** The Fifth Court of Appeals properly applied Texas case law in determining that it did not have jurisdiction to entertain Appellant's direct appeal in which he alleged the trial court's imposition of a condition of shock probation requiring him to pay restitution unconstitutionally enlarged his punishment. Regardless of whether a shock probation proceeding can be labeled as a "criminal action," or whether an appellant's complaint concerns the constitutionality of a condition of shock probation and not the granting or denial of shock probation, no statute provides for appeal from a shock probation order or a condition of shock probation, and years of intermediate courts of appeals case law indicates that a defendant has no right to appeal in such cases. Appellant's attempt to carve out a right of direct appeal through statutory authority and case law fails.

**Issue Two:** The ultimate question is, "What is Appellant's remedy?" The answer is not, as Appellant requests, for this Court to treat his brief as an application for writ of habeas corpus or writ of mandamus. Other than the extraordinary relief he requests, Appellant has three more appropriate avenues to seek a remedy: (1) through a motion to modify the conditions of his supervision under Code of Criminal Procedure article 42.12, section 11(a); (2) through an application for writ of habeas corpus in the trial court where

jurisdiction lies under Code of Criminal Procedure article 11.072; or (3) through a properly-filed writ of mandamus in the Fifth Court of Appeals, which is the court where mandamus jurisdiction lies. Mandamus in this Court is inappropriate because Appellant has three other avenues of attack, but has taken none of them. Appellant should not be allowed to circumvent the statutorily-available avenues for obtaining a remedy by merely asking this Honorable Court to overturn the judgment dismissing his direct appeal for lack of jurisdiction.

## ARGUMENT

### RESPONSE TO APPELLANT'S ISSUE ONE

**The Fifth Court of Appeals correctly applied Texas case law and dismissed Appellant's direct appeal from the order of shock probation for lack of jurisdiction.**

In his first issue, Appellant contends that none of the cases cited by the Fifth Court of Appeals support its determination that it had no jurisdiction to entertain his direct appeal. (Appellant's Brief, p. 38). He advances two main arguments: 1) his issue on direct appeal challenges the constitutionality of one of the conditions of his shock probation, not the actual order granting shock probation, and none of the cases relied upon by the Fifth Court were applicable because none had an underlying issue that challenged the *constitutionality* of a condition of shock probation; and 2) regardless of established case law, a shock

7

probation proceeding is a "criminal action," and although no statute directly authorizes appeal from a shock probation proceeding, a network of statutory authority and case law indirectly authorize direct appeal. (Appellant's Brief, pp. 21, 30). Appellant's arguments have no merit.

1. *The Fifth Court of Appeals correctly applied Texas case law in determining it did not have jurisdiction to entertain a direct appeal from the trial court's order granting shock probation.*

Appellant's complaint is about the constitutionality of condition (q) of the conditions of community supervision attached to the trial court's October 28, 2013 order in which it granted him shock probation. (CR: 60, 63). Indeed, while none of the cases cited by the Fifth Court of Appeals address the exact issue as Appellant's—whether the court had jurisdiction to review a complaint on direct appeal about the imposition of allegedly unconstitutional restitution in a shock probation order—one in particular, *Perez v. State*, had a similar underlying complaint. *See Perez,* 938 S.W.2d 761, 762 (Tex. App.—Austin 1997, pet. ref'd).

Appellant states the underlying issue in *Perez* was a complaint about a "condition of shock probation that required Perez to report to law enforcement to complete paperwork for sex offender registration within seven days." (Appellant's Brief, p. 38). More correctly, Perez's issue on direct appeal was a

8

complaint about the *constitutionality* of one of his conditions of shock probation.

Specifically, Perez complained that a condition of shock probation requiring him to register as a sex offender was *unconstitutional* because it retroactively applied the 1995 amendments to the sex offender registration act when he pled guilty before the effective date of the amendments. *Id.* at 762. The court in *Perez,* like the Fifth Court of Appeals in this case, relied on this Court's opinions in *Basaldua v. State*, 558 S.W.2d 2 (Tex. Crim. App. 1977) (holding no constitutional or statutory authority permits a direct appeal from an order modifying or refusing to modify probationary conditions), and *Houlihan v. State*, 579 S.W.2d 213 (Tex. Crim. App. 1979) (holding no appellate jurisdiction over Houlihan's direct appeal from an order overruling a motion to place him on shock probation because neither article 42.12 nor any other statute authorizes such an appeal), and likewise determined it did not have jurisdiction to consider the appellant's shock probation condition issue. *Id.* at 762-63; *see also Pippin v. State*, 271 S.W.3d 861 (Tex. App.—Amarillo 2008, no pet.) (holding no constitutional or statutory authority confers jurisdiction on an appellate court to entertain an appeal regarding a condition of a trial court's order granting shock probation).

The State can find no case from this Court that directly holds an appellate court has no jurisdiction to entertain a direct appeal from an order or condition of shock probation. Nevertheless, the cases the Fifth Court of Appeals cites indeed support its determination that it has no jurisdiction, and Appellant points to no case directly supporting his contention that the Fifth Court improperly concluded it had no jurisdiction. Accordingly, the Fifth Court of Appeals correctly applied the applicable case law in making its determination that it had no jurisdiction to entertain Appellant's direct-appeal complaint about the constitutionality of one of his conditions of shock probation. *See Perez,* 938 S.W.2d at 762.

### 2. A shock probation hearing is not a "criminal action."

There is no constitutional right to appellate review of criminal convictions. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). The right to appeal is conferred by the Legislature, and generally, a party may appeal only those cases for which the Legislature has authorized appeal. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *Olowosuko v. State*,

826 S.W.2d 940, 941 (Tex. Crim. App. 1992) ("It is axiomatic that a party may appeal only that which the Legislature has authorized.").[5]

An intermediate appellate court's jurisdiction is derived from the Constitution of the State of Texas, which provides that the courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." *Sanchez v. State*, 340 S.W.3d 848, 849 (Tex. App.—San Antonio 2011, no pet.); *see* Tex. Const. art. V, § 6(a). The standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (*quoting Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)).

Article 42.12 of the Code of Criminal Procedure governs community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp. 2014). In particular, article 42.12, section 6 governs shock probation. *Id.,* § 6. Appellant admits that article 42.12, section 6 does not grant him the right to appeal from an order of shock probation or a condition of shock probation. (Appellant's

---

[5] Appellant urges this Court to overrule *Olowosuko*, a case in which the Court held that, under former article 42.12, section 5(b), a defendant could not appeal a trial court's determination to proceed with an adjudication of guilt. (Appellant's Brief, p. 22). He urges that, since the Legislature amended the statute in 2007 to provide a defendant with a right of appeal from the determination to proceed with an adjudication of guilt, this Court should "overrule the sweeping holding" in that case. (Appellant's Brief, p. 23). Although superseded in part by statute, this language in *Olowosuko* is unaffected, and indeed still holds true, and this Court should decline to sweepingly overrule this opinion.

Brief, p. 21). He does not point to any constitutional or statutory provision that specifically grants him the right to appeal from his post-conviction shock probation order, and the State is unaware of any such provision. Hence, he is not entitled to a direct appeal. *See Abbott*, 271 S.W.3d at 696-97.

Appellant argues, however, that article 42.12, section 6 does not *prohibit* direct appeal. He argues that, under Texas case law, a shock probation proceeding is an appealable "criminal action" and attempts to carve out a right of appeal relying on Code of Criminal Procedure article 44.02 and Texas Rule of Appellate Procedure 25.2. (Appellant's Brief, pp. 21, 25-26). His argument fails.

Article 44.02 of the Texas Code of Criminal Procedure provides: "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed … ." Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006). Texas Rule of Appellate Procedure 25.2 states that a defendant "has the right of appeal under Code of Criminal Procedure article 44.02 and these rules" in every case in which a trial court "enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2). Thus, where no statute authorizes appeal, the right of appeal has generally been "restricted to persons convicted of offenses and those denied release under the writ of habeas corpus." *Sanchez*, 340 S.W.3d at 849 (*quoting Celani v. State*, 940 S.W.2d 327,

12

329 (Tex. App.—San Antonio 1997, pet. ref'd); *see Abbott*, 271 S.W.3d at 697 n.8 (noting this Court's prior recognition of "the long-established rule that a defendant's general right to appeal under Article 44.02 'has always been limited to appeal' from a 'final judgment.'").

Appellant argues that a shock probation hearing is a "criminal action" as contemplated by article 44.02. *See* Tex. Code Crim. Proc. Ann. art. 44.02. Appellant relies on *Bautsch v. Galveston*, decided in 1889, which defines a "criminal action" as a proceeding "prosecuted in the name of the State of Texas against the person accused, and is conducted by some officer or person acting under the authority of the State, in accordance with its laws." *Bautsch*, 27 Tex. Ct. App. 342, 346, 11 S.W. 414, 415 (1889).

Appellant acknowledges that, in *Duran v. State*, Judge Baird in his concurring opinion defined a "criminal action" as a "proceeding by which [a] person charged with a crime is *brought to trial and either found guilty or guilty and sentenced*." *Duran*, 844 S.W.2d 745, 746, 747 (Tex. Crim. App. 1992) (Baird, J., concurring) (looking to *Black's Law Dictionary* to define a "criminal action" in a case where the appellant was charged with two crimes, tried in a single trial, and sentences were stacked) (emphasis added). Appellant states that, "in a judgment of shock probation, a defendant is originally sentenced and sent to prison … ." (Appellant's Brief, p. 28). Appellant appears to be attempting to

13

characterize an order of shock probation as an appealable "judgment" under the definition of a criminal action by labeling a shock probation order, an order handed down by the trial court within 180 days after sentencing, as a "judgment of shock probation." *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 6(a). (Appellant's Brief, p. 28).

On the contrary, a shock probation order is not an original sentence or final judgment that is part of a criminal action. Unlike "regular probation," which suspends the imposition of a sentence, "shock probation" suspends the execution of a sentence that the defendant has already begun to serve. *King v. State*, 942 S.W.2d 667, 669 (Tex. App.—Eastland 1997, pet. ref'd) (citing *Wiltz v. State*, 863 S.W.2d 463, 465 (Tex. Crim. App. 1993), and *Tamez v. State*, 620 S.W.2d 586, 589-90 (Tex. Crim. App. 1981)).

The judgment in this case was final on May 31, 2013, when the trial court adjudicated Appellant's guilt and sentenced him. (CR: 51). The October 28, 2013 order granting shock probation was not a new judgment, but instead was the trial court's *suspension* of the execution of the sentence it imposed in the May 31 judgment. Therefore, a shock probation proceeding is not a "criminal action" under Judge Baird's definition of "criminal action" in *Duran*. *See Duran*, 844 S.W.2d at 747. A shock probation hearing is a post-conviction proceeding that occurs after a defendant is found guilty and sentenced. The

14

merits of the defendant's case are not being weighed, guilt has already been determined, punishment has been set, and the criminal action is over. He has already been "brought to justice." *See Bautsch,* 11 S.W. at 415; *Duran*, 844 S.W.2d at 747.

Appellant also compares a hearing on a motion for shock probation to a new trial or a new trial on punishment to attempt to classify it is a "criminal action." (Appellant's Brief, p. 26). Those proceedings, however, are distinguishable because they give a defendant a second chance at phases of the proceeding by which a person charged with a crime is "brought to trial and either found guilty or guilty and sentenced." *See Duran*, 844 S.W.2d at 746, 747. Unlike a new trial, where a finding or verdict of guilt has been set aside and the defendant receives a new trial, or a new punishment hearing, where an assessment of punishment has been set aside and punishment is reassessed, a hearing on a motion for shock probation is not a new trial on guilt or punishment. A shock probation hearing is not a new part of the criminal action where a defendant is "brought to trial and either found guilty or guilty and sentenced"—it merely suspends the execution of the sentence already imposed and which the defendant has already begun serving. *See* Tex. Code Crim. Proc. Ann. art. 42.12; *Wiltz*, 863 S.W.2d at 465.

15

*3. Even if a shock probation hearing is a "criminal action," direct appeal from such a proceeding is not authorized by law.*

Even assuming that a shock probation proceeding is a "criminal action," the answer to the question of, "Is an appeal from an order of shock probation authorized by law?" is a resounding "no." *See Blanton*, 369 S.W.3d at 894. The Legislature has not created a law authorizing an appeal from a shock probation proceeding, nor has the case law from this Court or this State's intermediate courts of appeals authorized such an appeal. *Cf. Blanton,* 369 S.W.3d at 903-04 (overruling State's argument that a nunc pro tunc judgment is not an appealable order where no statute provides for appeal because legislative acceptance and decades of this Court's case law prior to enactment of statutes governing nunc pro tunc judgments consistently held that it is).

The Legislature could have provided defendants with the right to appeal from shock probation proceedings, but it has not. The Legislature's power to grant a right of appeal is exemplified in its 2007 amendment of Article 42.12 where it granted defendants the right of appeal from proceedings to determine adjudication of guilt. Prior to 2007, defendants had no right of appeal from such proceedings. In 2007, the Legislature amended Article 42.12, § 5(b) to provide for a right of appeal from the trial court's decision to adjudicate. Act of May 23, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397 ("After an adjudication of guilt, all proceedings, including assessment of

punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.").

The Legislature has also provided the express right of appeal in other criminal actions, for example the right to appeal from judgments in bail bond proceedings and from a trial court's denial of a motion for Chapter 64 DNA testing. *See* Tex. Code Crim. Proc. Ann. arts. 44.42 (providing statutory authority for defendants to appeal final judgments in bail bond forfeiture proceedings), 64.05 (West 2006) (providing for appeals from denials of motions for DNA testing). Unlike these express rights of appeal conferred by statute, the Legislature has not enacted a statute providing for appeal from a shock probation order or condition of shock probation; thus, Appellant has no right of appeal. *See Marin,* 851 S.W.2d at 278; *Olowosuko,* 826 S.W.2d at 941.

Furthermore, Appellant's reliance on Texas Rule of Appellate Procedure 25 as authorizing direct appeal in conjunction with article 44.02 is also misplaced. That rule provides as follows:

> [A] defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order.

Tex. R. App. P. 25.2(a)(2). This rule does not grant a right of appeal in a shock probation proceeding; instead, it merely provides trial courts with the

17

procedure to follow to certify a defendant's right of appeal upon entering judgments or appealable orders. The Texas Rules of Appellate Procedure do not determine the jurisdiction of the courts of appeals; rather, they provide procedures that litigants must follow to invoke the jurisdiction of the appellate courts. *Blanton*, 369 S.W.3d at 902. Moreover, Texas Rule of Appellate Procedure 2 expressly provides that the rules may not be construed to either expand or limit jurisdiction. Tex. R. App. P. 2; *Celani*, 940 S.W.2d at 330. This Court should not imbue procedural rule 25.2 with the power to confer jurisdiction in this case. *See Celani*, 940 S.W.2d at 330.

Finally, and as discussed above, decades of case law from intermediate Texas courts of appeals squarely holds that a defendant does not have a right to appeal from an order granting or denying shock probation or an order modifying or refusing to modify conditions of community supervision. *See Perez*, 938 S.W.2d at 762; *Basaldua*, 558 S.W.2d at 5. This Court should decline to overrule this line of established jurisprudence and to deliver a ruling that is not supported by case law or statute. This Court should determine that, regardless of whether a shock probation proceeding is a criminal action, Appellant has no constitutional, statutory, or case law right to appeal from such a proceeding and should overrule Appellant's issue one.

## RESPONSE TO APPELLANT'S ISSUE TWO

**This Court should decline to treat Appellant's appeal as a writ of habeas corpus because Code of Criminal Procedure article 11.072 provides the exclusive avenue for defendants seeking a remedy when they have a complaint about the constitutionality of a condition of community supervision. Appellant also fails the test for entitlement to a writ of mandamus, and the facts here do not provide an exceptional case calling on this Court to treat Appellant's appeal as a writ of habeas corpus or mandamus.**

If this Court determines the Fifth Court of Appeals correctly decided it did not have jurisdiction to entertain his direct appeal, Appellant requests that this Court treat his case as a writ of habeas corpus or mandamus and address the merits of his direct-appeal issue through one of those remedies. Because Appellant has multiple, more appropriate avenues to seek a remedy, *none of which he has pursued*, this Court should decline his request.

*1. Appellant is not entitled to habeas corpus or mandamus relief in this Court.*

"Habeas corpus relief is an extraordinary remedy, and should be reserved for cases in which *no other remedy* is available." *Blanton*, 369 S.W.3d at 903. [Emphasis added.] Article 11.072 of the Code of Criminal Procedure governs habeas corpus procedure where the applicant in a felony or misdemeanor case "seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. Ann. art. 11.072, § 1 (West 2015). This Court has stated that the Legislature "intended Article

19

11.072 [enacted in 2003] to provide the *exclusive means* by which the district courts may exercise their original habeas jurisdiction … in cases involving an individual who is either serving a term of community supervision or who has completed a term of community supervision." *Villanueva v. State*, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008).

A writ of mandamus commands a lower court to do some act. *Tilton v. Marshall*, 925 S.W.2d 672, 676 n.4 (Tex. 1996). Mandamus is an *extraordinary* remedy to be invoked only in extraordinary circumstances. *Smith v. Sohmert,* 962 S.W.2d 590, 593 (Tex. Crim. App. 1998). To be entitled to mandamus relief in a criminal case, the relator must show two things: (1) that he has no adequate remedy at law; and (2) that the act he seeks to compel is a purely ministerial act as opposed to a discretionary one. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) (orig. proceeding).

Restitution is a victim's statutory right. Tex. Code Crim. Proc. Ann. art. 42.037(a) (West Supp. 2014); *Burt v. State,* 445 S.W.3d 752, 756 (Tex. Crim. App. 2014). Under article 42.037, in addition to a fine, the trial court "may order the defendant to make restitution to any victim of the offense … ." Tex. Code Crim. Proc. Ann. art. 42.037(a). Texas law favors restitution so greatly that article 42.037 requires a trial judge to justify his decision not to order restitution to a crime victim. *Burt*, 445 S.W.3d at 756. The State acknowledges

that restitution is a form of punishment and that, in most cases, the trial court must pronounce restitution at adjudication and include it in the judgment for it to be a valid condition of community supervision. *See Weir v. State*, 278 S.W.3d 364, 366 & n.6 (Tex. Crim. App. 2009); *cf. Taylor*, 131 S.W.3d at 500-02.

Appellant's direct-appeal issue is one challenging the constitutionality of condition (q). Article 11.072, the exclusive means for Appellant to attack condition (q), sets out the proper procedure for Appellant to bring his complaint that condition (q) is unconstitutional. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(c) ("An applicant may challenge a condition of community supervision under this article only on constitutional grounds."); *Villanueva*, 252 S.W.3d at 397 (discussing the Legislature's clear intent for article 11.072 to be the exclusive means for district courts to exercise original jurisdiction over cases involving a defendant who is serving, or who has served, a term of community supervision).

When an applicant on community supervision seeks to challenge a condition of his community supervision, not the underlying conviction, he first must attempt to gain relief by filing a motion to amend his conditions of community supervision. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(b); *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) ("The judge of the court having jurisdiction of the case shall determine the conditions of community

21

supervision and may, at any time during the period of community supervision, alter or modify the conditions."). Thus, Appellant's first line of attack is to file a motion to modify the conditions of his probation, requesting to delete condition (q). *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(b).

If Appellant is unsuccessful in attacking condition (q) through a motion to amend or modify, he may raise his constitutional issue in an application for a writ of habeas corpus filed in the 194th Judicial District Court of Dallas County, Texas, the trial court that placed him on shock probation, which is the proper procedural vehicle for a complaint about the constitutionality of a condition of shock probation. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 2(a)−(b)(2) (allowing an applicant to challenge the legal validity of the conditions of community supervision in the court in which community supervision was imposed); *see also Ex parte Roberts*, 409 S.W.3d 759, 761 (Tex. App.—San Antonio 2013, no pet.) (in reviewing the trial court's denial of the applicant's writ of habeas corpus, the Court noted how it had initially dismissed her direct appeal of the trial court's order modifying her conditions of community supervision to include $70,000 restitution and had instructed her that a writ of habeas corpus was the correct procedural vehicle to raise that issue).

The State acknowledges that this Court has, in rare instances, treated an appellant's appeal as a writ of mandamus or habeas corpus. *See Houlihan,* 579 S.W.2d at 216-17; *Basaldua*, 558 S.W.2d at 5. When *Basaldua* was decided in 1977 and *Houlihan* in 1979, Article V, § 8 of the Texas Constitution provided the only avenue through which a person serving a term of community supervision could pursue habeas relief.[6] *See Villanueva*, 252 S.W.3d at 396. In 2003, however, the Legislature enacted article 11.072, thereby establishing a means for defendants to attack post-conviction conditions of community supervision, and providing defendants with complaints similar to that of Appellant a remedy that they could seek. *See Villanueva*, 252 S.W.3d at 395.

The Court of Criminal Appeals has original jurisdiction to issue a writ of habeas corpus. This Court exercises such jurisdiction, however, only in exceptional cases and generally only after unsuccessful efforts in the trial court.

[6] Article V, section 8 sets forth the jurisdiction of district courts as follows:

District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law.

Tex. Const. Art. V, § 8.

*See* Tex. Const. art. V, § 5(c); Tex. Code Crim. Proc. Ann. art. 11.05 (West 2015); *Ex parte Fitzpatrick*, 320 S.W.2d 683, 683 (1959) (this Court exercises its original habeas jurisdiction only where the relator has been unsuccessful in obtaining relief from the trial court having similar jurisdiction); *see also Ex parte Rodriguez*, 169 Tex. Crim. 367, 334 S.W.2d 294 (1960).

The facts of Appellant's case do not present an "exceptional case" for this Court to exercise its original jurisdiction. *See, e.g., Roberts*, 409 S.W.3d at 761. A statute is in place—article 11.072—with a distinct procedure Appellant must follow for seeking habeas relief in the trial court while he is on community supervision; Appellant has had no unsuccessful efforts seeking a remedy in the trial court, as he has made **NO** efforts to seek such a remedy. *See* Tex. Code Crim. Proc. Ann. art. 11.072(a), (b); *see also Bailey v. State,* 160 S.W.3d 11, 21 (Tex. Crim. App. 2004) (Baird, J., dissenting) (noting that Bailey "passed up several opportunities" for a remedy in the law, and, "Rather than giving every probationer in Texas a 'Get Out of Probation Free' card just to give this probationer an appeal in what the Court recognizes is a unique case, I would affirm the court of appeals and give the appellant the opportunity for habeas corpus."). Hence, a writ of habeas corpus in the trial court is an available, more appropriate avenue for Appellant's attack, and he does not require this Court's exceptional interference.

Further, the trial court is the court with jurisdiction over a writ of habeas corpus and is the court suited for the required fact finding. At a habeas proceeding, the applicant must prove facts supporting his requested relief by a preponderance of the evidence. *See Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). The habeas court makes written findings and conclusions in support of its order, and an appellate court reviews the court's order for an abuse of discretion. *Ex parte Garcia*, 353 S.W.3d 785, 787-88 (Tex. Crim. App. 2011). The habeas court is the sole finder of fact in an Article 11.072 proceeding, and an appellate court affords almost total deference to its determinations of historical fact that are supported by the record. *Id.* The trial court, not the appellate court, has jurisdiction to be the finder of fact in an 11.072 habeas proceeding.

The trial court should be afforded the opportunity to examine the merits of Appellant's constitutional challenge to condition (q). Although the trial judge was adamant at the December 2007 restitution and sentencing hearing about Appellant paying restitution to the victim, at the May 2013 adjudication hearing, he inexplicably did not state on the record his reason for not making a restitution finding. Indeed, at the October 2013 shock probation hearing, the judge seemed confused by the law regarding pronouncing and entering restitution in the judgment at adjudication proceedings. (RR5: 8-9).

The trial court should have the opportunity to develop facts supporting its omission in orally pronouncing restitution or including it in the judgment and to determine the constitutionality of the restitution condition of the shock probation order. The trial court, not the appellate court, is in a position to determine those facts. Requiring Appellant to file a writ of habeas corpus with the trial court would not be a "useless thing," and this Court should decline to treat Appellant's appeal as an application for a writ of habeas corpus. *Cf. Ex parte Huffman*, 9 S.W.3d 302, 304 (Tex. App.—San Antonio 1999, no pet.) (declining to treat Huffman's appeal from a modification of her conditions of community supervision as a writ of habeas corpus, agreeing with the State that, although the trial court had confronted Huffman numerous times about repayment of restitution in her misdemeanor case, requiring Huffman to properly apply for relief through a writ of habeas of corpus in the district court would not be "a useless act," and the court of appeals had no jurisdiction to entertain the appeal because the trial court did not have an opportunity to consider the issue in a proper habeas proceeding).[7]

Moreover, this Court should decline to treat Appellant's appeal as a writ of mandamus because his case is not appropriate for mandamus. He urges that

---

[7] The State notes that this 1999 case was decided before article 11.072, which as discussed above provides defendants with an avenue for attacking conditions of community supervision, was enacted. *See* Tex. Code Crim. Proc. Ann. art. 11.072.

26

"the order imposing restitution in the shock probation order violates the Double Jeopardy Clause and is so void, so mandamus lies." (Appellant's Brief, p. 43). Because Appellant has several avenues of attacking the constitutionality of condition (q), as discussed above, he has an adequate remedy at law and fails to meet the two-prong test for mandamus. *See Bonilla,* 424 S.W.3d at 523. Until he has filed a motion to modify his conditions of community supervision, filed an application for a writ of habeas corpus, and been denied both those remedies, Appellant fails to demonstrate the first prong of the test for mandamus because he has not shown he has no adequate remedy at law.

In addition, original jurisdiction over any petition for writ of mandamus Appellant may file on this issue lies with the Fifth Court of Appeals at Dallas. *See* Tex. Const. Art. V, § 6; Tex. Gov't Code Ann. § 22.221(b) (West Supp. 2014). Under section 22.221, a court of appeals has the authority to issue a writ of mandamus against a judge of a district or county court in the court of appeals' district and all writs necessary to enforce its jurisdiction. Tex. Gov't Code Ann. § 22.221(b). . The Fifth Court of Appeals, not this Court, would have jurisdiction over any mandamus in this case. *See id.*

> *2. Any "appellate orbit" Appellant perceives is highly speculative, self-created, and avoidable.*

Finally, Appellant's argument that declining his request to treat his appeal as a writ of habeas corpus or mandamus will "launch" him into

27

"appellate orbit," as alluded to by the dissent in *Ex parte Green,* is unfounded. *See Ex parte Green*, 457 S.W.3d 90, 90 (Tex. Crim. App. 2015) (Yeary, J., dissenting). (Appellant's Brief, p. 47). Appellant's statement that any potential writ of habeas corpus he may file "will likely be denied by the trial court" is mere speculation as to what may occur.[8] Moreover, unlike the *pro se* applicant's circumstances in *Green*, any perceived or potential "appellate orbit" here has been created at Appellant's own hand. Appellant is represented by counsel who presumably has an understanding of the Code of Criminal Procedure, the rules of appellate procedure, and Texas case law. Instead of first filing a motion to amend his conditions of probation under article 42.12, section 11, as required by article 11.072 section, 3(b), the statute providing the exclusive means of attacking an allegedly unconstitutional condition of probation and which could have produced a speedy remedy, counsel instead filed a direct appeal, which, as discussed above, years of case law indicates the court of appeals lacked jurisdiction to entertain. *See Perez,* 938 S.W.2d at 762; *Villanueva*, 252 S.W.2d at 397.

Further, unlike the uncertainty of the future of the *pro se* applicant in *Green*, here Appellant has counsel who admits he may seek a remedy through

---

[8] Appellant does not mention first filing a motion to modify his conditions of community supervision, which should be his first avenue of attacking condition (q). *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(b).

28

article 11.072. (Appellant's Brief, p. 47). Appellant should be treated no differently than other similarly-situated appellants. Instead of following the proper avenue to obtain an efficient remedy, Appellant himself has created any perceived "appellate orbit," and should not be allowed to shirk the procedural rules, come to this Court, and say, "Here is my brief. I do not want to follow the rules as everyone else is required to do. Give me some relief." The Texas Code of Criminal Procedure and the Texas Rules of Appellate Procedure set forth detailed specific requirements for persons filing applications for writs of habeas corpus and writs of mandamus, none of which are met in the present case. *See* Tex. R. App. P. 52.1–52.3, 72.1. Appellant has multiple remedies at law and, therefore, does not justify this Court providing him with extraordinary relief. Accordingly, this Court should decline to treat Appellant's appeal as a writ of habeas corpus or a writ of mandamus and should overrule his issue two.

## PRAYER

The State prays that this Honorable Court will affirm the judgment of the Fifth Court of Appeals.

Respectfully submitted,

/s/ Marisa Elmore

| | |
|---|---|
| Susan Hawk | Marisa Elmore |
| Criminal District Attorney | Assistant District Attorney |
| Dallas County, Texas | State Bar No. 24037304 |
| | Frank Crowley Courts Building |
| | 133 N. Riverfront Blvd., LB-19 |
| | Dallas, Texas 75207-4399 |
| | (214) 653-3625 |
| | (214) 653-3643 *fax* |

## CERTIFICATE OF WORD-COUNT COMPLIANCE

I hereby certify that the foregoing brief, including all contents except for the sections of the brief permitted to be excluded by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, is 6,199 words in length according to Microsoft Word 2010, which was used to prepare the brief, and complies with the word-count limit in the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 9.4(i).

/s/ Marisa Elmore
Marisa Elmore

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing brief was served on Michael Mowla, counsel for Appellant, by electronic communication through eFileTexas.gov to Michael@mowlalaw.com, on December 10, 2015.

/s/ Marisa Elmore
Marisa Elmore